FISHER ET AL. v. SEYMOUR ET AL.

1. AGENTS—FRAUD.
The utmost good faith is required on part of an agent when dealing with his principal. An agent to sell a mining property is not permitted to acquire and hold title adverse to his principal by jumping the claim.

2. PATENT—RELATION—EVIDENCE.
The title by patent issued upon the relocation of a mining claim does not relate back to the original location, if that was invalid; and, when it becomes material, evidence of the invalidity of the original location is admissible for the purpose, not of impeaching the patent, but of determining the time to which such title relates.

3. FRAUD.
In the circumstances of this case, it is *held* that the acquisition by S. of title to mining property by patent was fraudulent, because of the fiduciary relation he sustained, as agent, to the owner. CAMPBELL, J., dissenting.

*Appeal from the District Court of Lake County.*

THIS action was brought to declare and enforce a trust. This is the second time it has been before this court. Upon the first trial the controverted questions of fact were submitted to a jury, and findings returned in favor of these appellants, upon which a decree was rendered, also in their favor. This decree was reversed upon the first appeal by reason of a defect in the pleadings. *Seymour v. Fisher et al.,* 16 Colo. 188. In that opinion is found a succinct statement of the issues raised by the pleadings, and a summary of the

evidence produced at the first trial. That the present dis-
cussion may more readily be understood without necessita-
ting a reference to that case, even though it is restating what
is concisely set forth there, we briefly indicate the nature of
this controversy as it was originally presented to the district
court. The action was to declare and enforce a constructive
trust, said to arise out of the acts and conduct of the defend-
ant, G. M. Seymour, whereby, while occupying a fiduciary
relation to Mrs. Fisher, one of the plaintiffs, concerning the
American Flag lode, owned in part by her, he was, in viola-
lation of said trust, instrumental in securing for himself and
associates a patent to the Tiger lode mining claim, included
within which was a portion of the territory situate within the
boundaries of the American Flag.

Upon the first appeal the decree was reversed and the cause
remanded. When the remittitur was sent down, the plaintiffs
were granted leave to and did file an amended and substituted
complaint, in which, in somewhat fuller form, were embodied
the allegations of the original complaint, and in addition
thereto were express averments of an appointment by Mrs.
Fisher, one of the plaintiffs, of the defendant, G. M. Seymour,
as her agent, to sell and look after her interests in the Amer-
ican Flag lode, and his acceptance of the agency, and its
continued existence at the time of the commission of the
frauds complained of.

This additional averment was necessitated under the prior
ruling of this court, that the complaint, as originally framed,
did not contain an allegation of this agency.

In conformity with the further suggestion made in the re-
ported opinion, the district court ordered that there be made
parties to the action Ilgenfritz, Bloss and Herbert (in whose
favor at the first hearing it rendered a decree for an undi-
vided one half of the premises). As against these three
defendants the substituted complaint alleged that, with full
knowledge of Seymour's fiduciary relations with plaintiffs,
they conspired and confederated with him to perpetrate a
fraud upon the plaintiffs.

In this substituted complaint, then, the particular fraudulent acts of the defendant Seymour are said to be, that while he was acting as the agent of Mrs. Fisher, to sell the American Flag lode and to look after her interests therein, by purposely misrepresenting and concealing from her and her coöwners all knowledge of the patent proceedings which he instituted to obtain a patent for the Tiger lode, he thereby prevented the plaintiffs from obtaining knowledge thereof within such time as would have enabled them thereby to adverse the patent application, and thus get a patent for their senior location.

As against the other defendants the specific charges are that they, as the locators of the Little Tiger lode (of which the Tiger lode was but a relocation), conveyed to Seymour all their rights therein, with an agreement by him to procure a patent therefor, and then to reconvey to them one half of the lode; and that during all of this time they knew of Seymour's fiduciary relations with the plaintiffs, and conspired and confederated with him in the fraudulent acts aforesaid, and with the design to defraud the plaintiffs of their rights.

In addition to this charge of a conspiracy between them and their codefendant Seymour, there is an additional charge against the defendants, Ilgenfritz, Bloss and Herbert, to the effect that they are estopped by their conduct to set up any claim to the conflicting territory as against the plaintiff, Mrs. Fisher, because they advised and encouraged her to purchase a large portion of her interest in said Tiger lode, which she did, relying upon the representations made by them to her that the American Flag was the senior location, and that while it conflicted with the Little Tiger lode, or Tiger lode, as it was afterwards called, they, as the owners and locators of the latter, would not assert or claim any rights as against the superior rights of the prior location.

Answers were filed by the different defendants, denying all the material allegations of this amended and substituted complaint. Trial upon the issues thus joined was had before the court, which submitted certain questions of fact to a jury.

Some of these questions were answered favorably to the defendants; as to others the jury were unable to agree. Thereafter the court passed upon all controverted issues in the case, confirming the findings of the jury where they reported an agreement, and making new findings upon all other issues of fact, and rendering judgment in favor of the defendants.

In substance these findings are that the Tiger lode was a valid and subsisting location prior and superior to the American Flag lode; that Seymour never agreed to look after Mrs. Fisher's interests in the American Flag, *though he said to her that he thought he could sell her interest in said property to the company, and that he consented to assist her in making such a sale thereof*; that there was no fiduciary relation between Seymour and Mrs. Fisher in relation to the American Flag lode at or during the time patent was being applied for on the Tiger lode, though he agreed with her that he would see that she was fairly treated as to her interests in another lode known as the " Shields mining claim," so long as he was the manager of The Shields Mining Company, which owned the other interests therein; that neither Seymour nor any of the other defendants did anything to prevent Mrs. Fisher from adversing the application by Seymour for a patent to the Tiger lode; that no conspiracy to defraud her was entered into by the defendants, as alleged in the complaint; that Bloss, Ilgenfritz and Herbert did not make to Mrs. Fisher the statements which she alleges they did as to the relative seniority and rights of the Little Tiger and American Flag lodes, nor state to her that the American Flag was the senior location, and that they would not make any claim to the territory in conflict between the two. The findings of fact are attacked by appellants.

The diagram of the claims, which was introduced in evidence, is here given, as it will serve to better illustrate the controversy.

Mr. J. W. TAYLOR, Mr. A. P. RITTENHOUSE, of counsel, for appellants.

Mr. A. J. STERLING and Mr. S. D. WALLING, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

We cannot read the evidence in this case without being impressed with the fact that a gross fraud has been perpetrated upon plaintiff Fisher and her children, the heirs of Thomas Fisher, deceased. The American Flag was discovered on June 11, 1879, and located June 12, 1879, the location certificate being placed upon record on June 24, 1879. The location certificate of the Little Tiger lode, which was recorded June 12, 1879, recites that the lode was located and claimed on that date. Upon October 14, 1880, the Little Tiger was relocated under the name of the Tiger lode. By such relocation much of the territory of the American Flag claim was included in the Tiger claim.

In October, 1879, Thomas F. Walsh, one of the owners of the American Flag claim, for a valuable consideration, deeded to Thomas Fisher, the husband of plaintiff, an undivided one eighth interest in the American Flag lode, and in the month of March following Fisher purchased from another one of the locators a one fifth interest in that claim. Shortly after this last purchase Fisher sickened and died. The day before his death, and on April 9, 1880, he executed and delivered to his friend, Nicholas Finn, one of the appellants, a deed, conveying to Finn, in trust for Fisher's wife and children, all the right, title and interest held by Fisher at the time in the American Flag lode, together with a one eighth interest in the General Shields lode, an adjoining claim, which was, at that time, a steady producer of mineral. Previous to his demise Fisher did a large amount of work upon the American Flag lode. He sank one shaft, known as the "Fisher shaft," to the depth of forty or fifty feet, and another shaft to the depth of twenty-five feet.

In the month of June following the death of her husband, Mrs. Fisher came to Colorado with her family. She then visited Leadville for the purpose of looking after her interests, and that of her children, in the American Flag and General Shields claims. Upon this visit Mrs. Fisher spent several months at Leadville, during which time she made diligent inquiries to ascertain the exact condition of the title to the American Flag claim, and the probable value of the property. At this time Thomas Walsh, one of the original owners of the property, was anxious to secure a bond upon the Fisher interests at the rate of $10,000 for the entire property. Knowing nothing of mines herself, Mrs. Fisher inquired of others, including the defendants, Bloss, Herbert and Ilgenfritz, as to the value of this property, and procured an examination and opinion of experts. She swears that at this time she inquired particularly with reference to conflicts, and was then assured by all the then owners of the Little Tiger claim that there would be no conflict and no litigation with that property. This conversation the owners deny, but the fact that Mrs. Fisher, as the result of her examination, was induced to purchase the outstanding interests in the American Flag claim, at the rate of $10,000 for the full claim, strongly tends to corroborate her testimony upon this point.

It was upon this visit that Mrs. Fisher first became acquainted with G. M. Seymour, who was at the time the general manager for The General Shields Mining Company, which company owned all the General Shields mine, except the one eighth interest held by the heirs of Thomas Fisher, and represented by Mrs. Fisher. There is much conflict in the evidence with reference to the conversations between these parties. It is sufficient to say that in the fall of the year Mrs. Fisher, being about to return east, was anxious to sell her interests in both the General Shields and the American Flag locations, and offered her interest in the General Shields mine for $7,000, and her interest in the American Flag for $10,000, Seymour agreeing to assist her in making a sale at these figures. On or about the 3d or 4th day of

October, Mrs. Fisher left Leadville with her family, and returned to her home in Memphis, Tenn. After her return some correspondence passed between Seymour and Mrs. Fisher with regard to the sale of these properties.

The court below, while resolving most of the conflicts in the evidence in favor of the defendants, nevertheless made a finding that Seymour was the agent of the heirs for the purpose of selling the American Flag mine. While such agent, and as soon as Mrs. Fisher had left the state, Seymour entered into an agreement with the owners of the Little Tiger claim (Bloss, Herbert and Ilgenfritz), by the terms of which agreement he was to patent that mining claim, receiving for so doing a one half interest therein. Although this agreement was made on the 6th day of October, 1880, Seymour does not appear to have moved in the matter of obtaining a patent until the January following, at a time when the property in controversy was covered with snow. Seymour relocated the Little Tiger claim, under the name of the " Tiger." In making this relocation he moved the claim north some five hundred feet, thereby leaving the original discovery shaft outside of the new surface boundaries, and three hundred feet south of the same. By this relocation, he took in a greater portion of the valuable part of the American Flag location ; and the question of his right to do this is the principal controversy in this case.

Plaintiff seeks to have appellees, Seymour and others, declared trustees as to this property, claiming that she is the equitable owner and has the prior right to that portion of the premises formerly included in the American Flag location. Seymour having the patent title from the government, the plaintiff, to maintain the action on her part, must show that she had a valid and subsisting location prior, and therefore, superior, to that with which it conflicted, to wit, the Tiger ; and that the fraud of the patentee kept her in ignorance of the patent proceedings. " If these questions be affirmatively answered, plaintiff may recover the ground in conflict." *Seymour v. Fisher, supra.*

Mrs. Fisher swears that she placed the property with Seymour for sale, for $10,000, and that she was to pay him a commission if such sale was effected. Seymour admits that such a conversation took place; admits that he agreed to assist Mrs. Fisher in the sale of the property; that the price fixed was $10,000; but denies that he was to receive any commission in case the sale was effected. Upon this evidence the court below found that Seymour did undertake to assist Mrs. Fisher in the sale of the American Flag lode; but also found that he was not her agent to look after the property, and that, in fact, no fiduciary relation existed between the parties as to the American Flag claim. The question with reference to a fiduciary relation upon the facts is one of law that is challenged upon this review, and it being conceded that Seymour undertook to sell the property for Mrs. Fisher, at an agreed price, the relation of principal and agent was certainly established.

It is apparent, we think, that Seymour never intended to act in good faith in the matter, for, within two days after the agreement with Mrs. Fisher, he relocated the Little Tiger under a new name, and, by such relocation, took in a large part of the American Flag claim owned by his principal, amending his location record accordingly. The property affected by these acts was the most valuable portion of the American Flag lode, and included the last shaft made by Mr. Fisher. In this shaft mineral of commercial value was found, this being the only ore at that time disclosed upon either of the claims. We have no doubt, from the evidence, that Seymour, in doing as he did, was largely influenced by information communicated by Mrs. Fisher at a time when she reposed in him confidence as her agent.

The law requires the utmost good faith on the part of an agent when dealing with his principal, and it is well settled that an agent, to sell, cannot purchase the property for himself, unless he makes known to his principal that he is such purchaser, and acquaints him with all the facts. Wharton on Agency, sec. 231; Story on Agency (8th ed.), sec. 210;

Ewell's Evans on Agency, sec. 213; *Hunter v. Hunter*, 50 Mo. 445; *Porter v. Woodruff*, 36 N. J. Eq. 174; *Murray v. Beard et al.*, 102 N. Y. 505.

Applying this necessary and salutary rule to Mr. Seymour, in his dealings with Mrs. Fisher, his right to purchase the American Flag claim from her must be denied. If he could not purchase, he certainly could not "jump" the property, and thereby, without consideration, deprive Mrs. Fisher and her children of the property. Seymour's conduct, in remaining silent until Mrs. Fisher had left the state, and afterwards lulling her into fancied security by corresponding with her with reference to the property, without acquainting her with the facts, although he was in the very act of procuring an adverse title, constituted a fraud in law. "He * * * could not acquire a title to the land valid against the equity which he had acknowledged in the complainants." *Ringo et al. v. Binns et al.*, 10 Peters, 269.

The district court found, and Seymour admits, that he was an agent to sell; this sufficiently establishes such a fiduciary relation between the parties as requires the utmost good faith on the part of the agent; but as the other defendants, Bloss, Herbert and Ilgenfritz, owed no duty to Mrs. Fisher, they do not stand in the same relation to her as did Seymour. They might have applied for a patent to the Little Tiger or to the amended Tiger lode, and had Mrs. Fisher failed to have filed an adverse, she would have lost her rights under the provisions of section 2326 of the United States Statutes. *Seymour v. Fisher*, *supra*. It is true that plaintiff also claimed that Bloss, Herbert and Ilgenfritz were estopped by their conduct to question plaintiff's title; but it is also true that the district court found the fact to be against plaintiff's contention in this behalf, and thereby eliminated this issue from our consideration.

It is urged that the fraud of Seymour is immaterial because of the finding of the court that the Little Tiger lode and the amended location thereof, as the Tiger lode, was a valid and subsisting location prior and superior to the location of the

American Flag lode. This is a mixed finding of law and fact. It was stipulated, for the purposes of the first trial, that the American Flag location was the prior location, and that such location was in all respects valid. Upon the last trial this stipulation was withdrawn. The uncontradicted evidence shows that the American Flag was in all respects a valid claim if a vein in place was exposed at the time of the location. The preponderance of the evidence seems to be in favor of the discovery of such mineral; but, conceding, as we do, the force of the finding to the contrary, made by the district court, upon conflicting evidence, we are to determine whether or not such finding is controlling in this case. An examination of the transcript shows the fact to be established by competent evidence, and undisputed, that a vein of mineral was discovered upon the American Flag claim, prior to the relocation of the Little Tiger lode, under the name of the Tiger lode, and this is sufficient to validate the American Flag location from the date of such discovery.

It is claimed that such relocation, omitting, as it did, the original discovery shaft of the Little Tiger lode, did not relate back and make that lode a valid location from the time of the original location of the Little Tiger lode. In any event, the rights of the American Flag had attached prior to the amended location of the Tiger lode; hence, the relocation was made subject to such intervening rights.

Moreover, the evidence shows that the discovery upon which the Little Tiger location was based was not upon the public domain of the United States; but within a prior, valid, subsisting location, known as the "Golden Curry mining claim." Upon objections interposed by the defendants, much of the evidence offered by plaintiffs upon this matter was rejected. In this ruling of the court there was error, for, although it was not proper to allow the introduction of evidence for the purpose of impeaching the patent, this evidence was proper in order that the court might ascertain whether the owners of the American Flag or of the Little Tiger made the first valid location upon the unappropriated public domain.

In other words, it was competent to show that the American Flag claim was prior in point of time and superior in right to the Little Tiger location of the ground in conflict, unless the Tiger location relates back to and acquires priority of right by reason of the location of the little Tiger claim. For the purpose of showing that the location of the Tiger could not so relate back, it was competent for the plaintiff to show that the location of the Little Tiger was void, as not having been made on the unappropriated public domain. The evidence received sufficiently establishes such invalidity.

This cause has been before the courts for many years. It has been most carefully considered by this court upon two occasions. As said in the outset of this opinion, the record discloses that Seymour practiced a gross fraud upon the heirs of Thomas Fisher, deceased; and we think that he should neither be allowed to profit by such fraudulent conduct, nor the heirs be deprived of their inheritance thereby. We are prevented from interfering with the one half interest held by Bloss, Herbert and Ilgenfritz for the reasons already given; but as to the remaining one half held by Seymour, the same reasons do not exist, and it appearing that this title was procured in fraud of Mrs. Fisher's rights, the title so obtained should be declared to be held by Seymour in trust for Mrs. Fisher.

The judgment of the district court is accordingly affirmed as to Bloss, Herbert and Ilgenfritz, and reversed as to Seymour, with directions that judgment against Seymour be entered in accordance with this opinion.

*Judgment modified.*

MR. JUSTICE CAMPBELL, (dissenting).

As will be seen from the last sentence of the foregoing opinion, the judgment is reversed in part, and partly affirmed. For this reason, alone, I should at least indicate in what part of the judgment I am unable to agree, and state the grounds upon which the dissent is based. In affirming the judgment

as to Bloss, Herbert and Ilgenfritz, I concur; in reversing it as to Seymour, I dissent.

1. The evidence does not impress me as it does my brethren, nor can I agree with the application of the law as made by them to the facts of the case. After a careful reading of the record, Seymour's conduct does not, in my judgment, warrant the severe characterization to which the opinion subjects it. The trial court found that Seymour "told Mrs. Fisher that he thought he could sell her interest in said property to the company, and that he would do what he could to assist her in making the sale of said property, and he further agreed then and there to look after her interest in said *Shields* mine and see that she was fairly treated in relation thereto so long as he was manager there; * * * that said Seymour did not agree to look after Mrs. Fisher's interest in the American Flag."

After Mrs. Fisher left Leadville and went to Tennessee there was correspondence between her and Seymour relative to an offer of purchase of the American Flag lode made by Sabin, as the president of the company of which Seymour was manager. Among other things, Seymour informed her that he must decline to act as her agent as to the Shields mine, and Mrs. Fisher then asked his opinion as to selling the Shields and what he thought of the American Flag. She referred him to Finn, the executor, and Col. Curry as her agent at Leadville, to whom Seymour might give information concerning her inquiries. Concerning Sabin's offer of purchase she later wrote that she had referred the matter to Mr. Finn, and that before she left Leadville she had given him a power of attorney to act for her, and so she left the matter entirely with him.

Upon this and other evidence the court made a finding as follows: "I therefore find that G. M. Seymour was not the agent of Jennie A. Fisher in regard to the American Flag lode, that the only relation or understanding between them was that G. M. Seymour consented to assist her in selling her interest therein, and that there was no fiduciary relation

existing between G. M. Seymour and Mrs. Jennie A. Fisher in relation to the American Flag lode at or during the time patent was being applied for on the Tiger lode."

In my judgment the court was warranted in making this finding, and I am satisfied from the record, even if Seymour had been appointed the agent of Mrs. Fisher before she left Leadville, that it is apparent from her own letters, as well as the evidence and letters of Seymour, that neither of them supposed after Mrs. Fisher left Leadville that Seymour sustained any fiduciary relation towards her with relation to the American Flag, or was her agent for its sale.

2. I am unable to agree with the conclusion of the court that the evidence was uncontroverted that a vein of mineral was discovered upon the American Flag lode prior to the relocation of the Tiger lode. As I understand the record, there is a substantial conflict in the evidence upon this point; and under the well known rule of this court in such cases which precludes us from substituting our judgment for that of the trial court sitting as a jury, we ought not to set aside the finding of the latter that " the said Little Tiger lode and the amendment thereof, the Tiger lode, was a valid and subsisting location prior and superior to the American Flag lode."

3. I do not understand that by the opinion in this case there is intended any departure from the doctrine laid down when the case was first before this court; but when it is said that the plaintiffs, under the issues joined in this case, may establish the invalidity of the Little Tiger location by showing that its discovery shaft was not upon unappropriated domain, but within a prior valid location, it would appear that the prior announcement is shaken, if not altogether overthrown. To say that this kind of evidence is improper to impeach the patent of the Little Tiger lode, but still admissible and competent for the purpose of determining whether it or the American Flag is the senior location, is to attempt to draw a distinction between the two cases where, in principle, none exists. The very fact which plaintiffs here by this evidence

seek to establish was something which they might have shown before the land office, or in a suit in support of an adverse claim filed by them against the application for a patent by the owners of the Little Tiger location; and when they failed seasonably to protest, or to bring an adverse suit, they should be conclusively estopped, in this action, from setting up the invalidity of the patent location of the Little Tiger lode for either of the purposes named.

Further than this, I do not consider that, in the present state of this record, the order should be to enter a judgment against Seymour. If the judgment is reversed, it ought to be for a new trial as to his interest in the property.