[No. 4447.]

THE CALUMET GOLD MINING AND MILLING COMPANY v. PHILLIPS.

**Mines and Mining—Principal and Agent.**

An agent of a mining company while sinking a shaft in the development of the company's property discovered a vein upon which another claim was located and while still acting as such agent acquired for himself title to said claim. The mining company was not engaged in acquiring adjacent territory and it was not its policy to purchase any additional claims. Held, that by acquiring title to the mining claim the agent did not engage in the business of his principal for his own profit or make use of any information obtained through his employment to acquire an interest in his employer's property adverse to his employer's interest so as to make such agent a trustee for the benefit of his principal in acquiring such title.

*Appeal from the District Court of Gilpin County.*

Messrs. BULLIS & WILLIAMS, for appellant.

Mr. E. W. HURLBURT and Mr. H. A. HICKS, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Appellant commenced an action in the court below to have the title to the Rosebud mining claim, standing in the name of appellee, declared held in trust for its benefit. From a judgment in favor of the defendant, plaintiff company appeals.

The only proposition advanced by counsel for appellant going to the merits of the case necessary to consider is, that appellee, obtained title to the property in dispute during the period when fiduciary relations existed between the parties of the character which, in law, would make the appellee the trustee of plaintiff for such property. In support of this proposition we are referred to the familiar rule, that an agent cannot make a profit for himself out of the business in which he is engaged for his principal, or make use of the information obtained through his employment to acquire interests in the subject-matter of his agency adverse to those of his principal. It appears from the testimony that the plaintiff company owned a group of mining claims which it was having developed under the management of the defendant, who was also one of its directors; that in sinking a shaft on the property of the company a vein was disclosed which, it is claimed, was the one upon which the Rosebud is located, and that defendant thereafter and during the existence of his agency obtained title to the Rosebud claim. This claim conflicts with two belonging to the plaintiff. The shaft in question is not within the boundaries of the Rosebud. It does not appear that the title to any of the veins upon which the claims of plaintiff are based is in the least affected by the Rosebud location, or that it does not, in fact, own the surface of such conflicts as well as all veins apexing therein.

The company was not engaged in acquiring any adjacent territory; in fact, according to the testimony, it was not its policy to purchase any additional mining claims. According to these facts, the rule of law invoked by plaintiff has no application. The inhibition against the agent engaging in transactions for his own benefit when limited to that question alone, only extends to the business of his agency.— Mechem on Agency, § 456; 1 Enc. Law, 2 ed. 1072.

So far as advised from the record, it does not appear that by purchasing the Rosebud the defendant has acquired any interest whatever in the conflicts between that claim and those belonging to the plaintiff, either surface or mineral. It does not appear, therefore, that defendant, by acquiring title to the Rosebud, engaged in the business of his principal for his own benefit, or has made use of any information obtained through his employment, to acquire an interest in the property of his employer adverse to its interests.

Other errors are assigned and argued, but as they do not affect the cause upon its merits, they are not discussed. The judgment of the district court is affirmed. *Judgment affirmed.*