## No. 9669.

### TREAT v. SCHMIDT, ET AL.

Decided June 7, 1920.

Action for cancellation of deed. Judgment for defendants.

### Reversed.

1. APPEAL AND ERROR—*Findings on Questions of Law.* Where on the undisputed evidence, an issue of law is presented, the court of review is not bound by findings of the trial court thereon.

2. PRINCIPAL AND AGENT—*Agency to Sell Real Estate.* One who undertakes to sell the land of another at a stipulated price becomes the agent of the owner.

3.        *Purchase by agent.* An agent to sell cannot purchase the property for himself unless he makes known to his principal that he is such purchaser and acquaints him with all the facts.

4. CORPORATIONS—*Chargeable with Knowledge of Directors.* A corporation is chargeable with knowledge of its organizers, who also constitute a majority of its board of directors, concerning the invalidity of a deed through which it acquires title to property.

5. TENDER—*In Action for Cancellation of Deed.* In an action for the cancellation of a deed, a statement in the complaint that plaintiff brings the sum received for the property into court for delivery to defendant, constitutes a sufficient tender.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

. Mr. D. J. DAVIES, for plaintiff in error.

Mr. A. E. McGLASHAN, Mr. W. B. MORGAN, for defendants in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error, by suit, sought to have cancelled a deed by which he conveyed to the defendant in error, Schmidt, certain lands in Las Animas County, and for an accounting as to coal produced therefrom. The defendants had judgment, and the case is now before us for review. The complaint alleged that the conveyance was invalid; first, because it was induced by misrepresentation and fraud; and, second, because the land was conveyed to defendant Schmidt when he was plaintiff's agent to sell it.

In February, 1914, Schmidt, a resident of Trinidad, wrote plaintiff, then residing in New York, in relation to the assessment of plaintiff's lands, stating, among other things, that the assessor had "recognized the fact at last that Section 31 is mined out," that being the land involved in this action, and he further stated that he was a partner of a former agent of plaintiff. On May 1, 1914, Schmidt inquired what plaintiff's price was on "the land that had been mined out," stating that he had an inquiry as to plaintiff's price. He also said, that the inquirer would pay only the price usually paid for grazing land, i. e., from three to five dollars per acre. There was further correspondence between the parties concerinng the title, and assessment of. said lands, and mention was several times made by Schmidt of inquiries as to the sale of this and other lands owned by plaintiff. Under date of April 4, 1916, Schmidt wrote

plaintiff a letter concerning title to the land here involved, and containing the following:

"This land you mentioned that was heretofore leased to The Colorado Fuel & Iron Company and which has the coal mined out is not worth very much and never will be worth much, as it is no good for agriculture, and about all the value it has is for pasture for goats.

I know a party that would purchase it if you would sell it cheap but I do not think you can get over $300 for this quarter section."

A few days later he wrote again saying that he had a prospective buyer, and that plaintiff should act promptly lest the buyer change his mind before the sale was completed.

On April 20, 1916, he again wrote that he had a buyer; and on May 6, 1916, he requested plaintiff to execute and return enclosed deeds, with draft for $400.00, which he promised to take up. He said "I have put myself as grantee to expedite matters."

The deeds were executed and delivered, and the money paid. A short time thereafter Schmidt conveyed the land to the other defendant in error, a corporation organized by him, and of which defendant Schmidt, his wife and one Garcia, constituted the board of directors when the conveyance was made. A lessee of said company took from said land from twenty thousand to twenty-two thousand tons of coal. Schmidt denies that the deed was obtained by fraud, and that he was the agent of plaintiff for the sale of the land.

We are of the opinion that the evidence does not establish a fraudulent intent on the part of defendant Schmidt. We cannot, however, agree with the trial court that he was not the plaintiff's agent to sell the land when he took title to it. We are not bound by the court's finding on that question, because the relation of the parties, on the undisputed evidence, is a question of law. The correspondence in evidence establishes the agency. Schmidt undertook to sell

plaintiff's land at an agreed price, and that establishes his agency.

In *Fisher v. Seymour*, 23 Colo. 542, 550, 49 Pac. 30, 33, after holding as above stated, this court said:

"The law requires the utmost good faith on the part of an agent when dealing with his principal, and it is well settled that an agent, to sell, can not purchase the property for himself, unless he makes known to his principal that he is such purchaser, and acquaints him with all the facts."

In *Tyler v. Sanborn*, 128 Ill. 136, 21 N. E. 193, 4 L. R. A. 218, 15 Am. St. Rep. 97, it is said:

"An agent can not, either directly or indirectly, have an interest in the sale of the property of his principal which is within the scope of his agency, without the consent of his principal, freely given, after full knowledge of every matter known to the agent which might affect the principal."

This inhibition applies regardless of the good faith of the agent. *United States v. Carter,* 217 U. S. 286, 30 Sup. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594. The law does not allow an agent to occupy a position in which he may be tempted to betray his trust.

It follows that the deed from plaintiff to defendant Schmidt was voidable, and that the plaintiff was entitled to have it cancelled. Since the corporation defendant was a creature of Schmidt's, and he and his wife constituted a majority of the directory, it must be held that that company had knowledge of the invalidity of the deed. It is therefore in no better position than is Schmidt himself.

It is contended, however, that plaintiff had no cause of action because no tender had been made of the $400.00 received by plaintiff. The trial court found that no tender was made prior to the institution of the suit. Plaintiff was suing in equity for a rescission of the contract and tendered said sum to the defendant. He alleged, in the usual form, that he now brought the said sum into court for delivery to the defendants.

In *Gould v. Cayuga County National Bank,* 86 N. Y., 75, in an action for a rescission, the court said:

"In such a case it is sufficient for the plaintiff to offer in his complaint to restore to the defendant what he has received, and the rights of the parties can be fully regulated and protected in the judgment to be entered."

In *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571, the court, speaking of actions to rescind, says:

"In such actions the plaintiff does not proceed upon the theory of a contract already avoided on the ground of fraud, but upon the theory that the jurisdiction of equity is needed to accomplish that end and to give such incidental relief as the plaintiff may be entitled to. It is sufficient in such a case to show by the complaint a willingness to do equity. The distinction must be kept in mind, in order to properly apply the rule under consideration, between an action in equity to rescind a contract and the rescission of the contract by the act of the party followed by an action at law for a recovery by such party of the money or property he parted with upon the faith of such contract."

The tender in the complaint was sufficient. The deeds should be cancelled, and the defendants ruled to account to plaintiff, as prayed in the complaint.

The judgment is accordingly reversed, with directions for further proceedings in accordance with the views above expressed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BURKE concur.