(December 4, 1922.)

## THOMAS C. JENSEN, Respondent, v. SIDNEY STEVENS IMPLEMENT COMPANY, a Corporation, Appellant.

[210 Pac. 1003.]

PRINCIPAL AND AGENT—DUTY OF AGENT—BURDEN OF PROOF AS TO GOOD FAITH.

    1. It is the duty of an agent to make to his principal a full and complete disclosure of all facts relative to the subject of his agency which it may be·material to the principal to know. If an agent makes a profit in the course of his agency because of his failure to inform his principal of facts known to him, or which in the exercise of due diligence he should have ascertained for his principal, the profits of such transaction as a matter of law will belong exclusively to the principal.

    2. The law guards the. fiduciary relation between principal and agent with jealous care, and seeks to prevent the possibility of a conflict between the agent's duty and his personal interest, and forbids his acting adversely to the interests of his principal, either for himself or others.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. Robert M. Terrell, Judge.

Action to recover money owing as wages. From judgment for plaintiff, defendant appeals. *Reversed* and *remanded* for new trial.

D. C. McDougall, Jones, Pomeroy & Jones and D. C. Kunz, for Appellant.

The law will not permit an agent to act for himself and his principal in the same transaction, as to buy over to himself as agent the property of his principal, unless ratified by him with full knowledge of all the circumstances. Neither is the situation altered ordinarily by the fact that the principal had a fixed price at which he was willing to sell, and the agent buys at that price. (Mechem on Agency, sec. 1199; *Porter v. Woodruff*, 36 N. J. Eq. 174; *Tilleny v.*

*Wolverton,* 46 Minn. 256, 48 N. W. 908; *Merriam v. Johnson,* 86 Minn. 61, 90 N. W. 116; *Colbert v. Shepherd,* 89 Va. 401, 16 S. E. 246; *Rich v. Black,* 173 Pa. St. 92, 33 Atl. 880; *McNutt v. Dix,* 83 Mich. 328, 47 N. W. 212; *Albright v. Phoenix Ins. Co.,* 72 Kan. 591, 84 Pac. 383.)

While it is not absolutely prohibited that an agent to sell property may buy it himself, yet the transaction is to be regarded with the closest scrutiny, and when challenged a presumption of invalidity arises, and the burden is upon the agent to make it affirmatively appear that he dealt fairly and in the strictest of good faith disclosed to his principal all of the information concerning the property possessed by him. (*Tyler v. Sanborn,* 128 Ill. 136, 15 Am. St. 97, 21 N. E. 193, 4 L. R. A. 218; 21 R. C. L. 829, 830.)

When an agent, after receiving instructions to sell property on certain terms, learns that other and more advantageous terms can be obtained, it is his plain duty, and he is under every legal and moral obligation, to communicate the facts to the principal, that he may act advisedly in the premises. (*Hegenmyer v. Marks,* 37 Minn. 6, 5 Am. St. 808, 32 N. W. 785; *Holmes v. Cathcart,* 88 Minn. 213, 97 Am. St. 513, 92 N. W. 956, 60 L. R. A. 734.)

An agent cannot, either directly or indirectly, have an interest in the sale of the property of his principal which is within the scope of his agency, without the consent of his principal, freely given, after a full knowledge of every matter known to the agent which might affect the principal. (*Frith v. Alliance Investment Co.,* 49 Can. Sup. Ct. 384, Ann. Cas. 1914D, 458; *Clark v. Delano,* 205 Mass. 224, 91 N. E. 299, 29 L. R. A., N. S., 595.)

Budge & Merrill and A. B. Gough, for Respondent.

There is no inhibition upon the purchase by an agent from his principal where the facts are fully disclosed and the agent acts in good faith, taking no advantage of his situation. (Mechem on Agency, 2d ed., sec. 1221; *Rochester v. Levering,* 104 Ind. 562, 4 N. E. 203; *Burke v. Bours,* 98 Cal. 171, 32 Pac. 980; 31 Cyc. 1444.)

Where an agent purchases land from his principal, fully disclosing all facts and acting in good faith, and thereafter sells the land at a substantial advance, he is not liable to account to the principal for the profit realized, the agency being terminated by the sale to the agent. (*Rathke v. Tyler*, 136 Iowa, 284, 111 N. W. 435; *Swan v. Davenport*, 119 Iowa, 46, 93 N. W. 65.)

While a principal has a right to disaffirm a sale to his agent if there is any element of unfairness or bad faith in the transaction, though the purchase price is adequate, price is a very important feature in determining the existence of unfairness or bad faith. (*Williams v. Lockwood*, 175 Cal. 598, 166 Pac. 587.)

LEE, J.—Respondent brought this action to recover from appellant a balance on account of wages earned while in its employment. Appellant, by way of answer and cross-complaint, alleged that it was a Utah corporation, qualified to transact business in the state of Idaho, and had for many years maintained a branch establishment at Montpelier in said state, where it was engaged in selling farming implements and other merchandise, in the course of which it acquired the ownership of real property hereafter referred to; that until August, 1919, respondent was in its employment, and his duties were to collect accounts, look after its real estate and find purchasers for the same, collect rents and attend to all of its business matters arising in that locality, subject to the direction of appellant; that in May of that year it was the owner of certain real estate, specifically described, comprising about 120 acres of farm land in Bear Lake county, which it listed for sale with respondent, together with other of its real estate; and that it was at the time winding up its affairs and closing its business at said branch house. It further alleges that respondent was under instructions, and that it was his duty, to obtain the best possible price for said property, and to keep appellant fully informed with respect to all matters affecting the sale of such property, but that respondent failed to do so, but that re-

spondent, while so employed and when occupying such fiduciary relationship, failed to disclose to appellant the true conditions regarding offers made for the farm land in question, and thereby induced appellant to sell said premises to respondent for a much less sum than respondent had been offered for the property by a prospective purchaser, to whom he afterward resold the same for an advance of a thousand dollars. Appellant asked to have the balance claimed for wages set off against the excess obtained by respondent upon the resale of this property, and judgment for the remainder.

Respondent answered said cross-complaint, in effect admitting the relationship of principal and agent as alleged, that the real estate in question had been listed with him for sale, that he had purchased the same from his principal without having disclosed the facts to appellant as to a previous offer from a third party, and that after obtaining a conveyance of the same, he had soon thereafter contracted to resell said premises to the party who had made the offer before he had purchased the premises, for a thousand dollars in excess of the price for which he had purchased the land from his principal, and had subsequently closed such sale for $850 in excess of what he had paid his principal for the land.

The cause was tried to a jury, which returned a verdict in favor of respondent for his wages, and failed to make any direct finding upon the affirmative issues tendered by the cross-complaint.

There is practically no conflict in the testimony regarding the material issues presented by the pleadings. On May 7, 1919, respondent, by letter addressed to appellant's home office at Ogden, Utah, informed it that he had an offer of $2,600 cash for this farm. The letter does not disclose who was making this offer, but respondent testified at the trial that it was in fact his own offer. Two days later appellant replied, rejecting the offer, but stating that it would accept $3,000 as its lowest price, with the condition that such price was subject to change at any time prior to acceptance. On the 12th day of May following, respondent again wrote to appellant, stating that he had decided to purchase the land for himself and his boys, at the price of $3,000. This offer

appellant accepted, and respondent paid $2,000 and gave a mortgage for the remainder.

The witness Berry, who had been negotiating with respondent for the purchase of this land, testifies that about the 7th of May respondent, with other members of his family, came to his place, which adjoined the land in question, and that he made respondent an offer of $3,600 for the land. Respondent never informed appellant as to this offer, and gave as a reason for not doing so that the condition which Berry attached with regard to the lease caused him to believe that the offer would not be acceptable. Upon respondent securing title to the premises, negotiations were renewed between Berry and himself, which resulted in Berry agreeing to purchase the land from respondent for the sum of $4,000. Before the deal was consummated, Berry ascertained that respondent had just previously purchased the land from appellant for $3,000, and demurred to paying this much of an advancement. Respondent and Berry adjusted their differences by agreeing upon a consideration of $3,850, which sale was finally consummated on June 9th.

There is a conflict between the testimony of Berry and that of respondent as to when Berry made the offer of $3,600, which respondent rejected without submitting the same to his principal, he giving as a reason that Berry's offer imposed some condition with reference to the lease that made such offer of less value than that of $3,000 which he had made. But it is not controverted that Berry made this offer prior to respondent receiving the letter from his principal quoting him a price of $3,000, so it is clear that respondent, after having submitted his offer of $2,600, which was rejected, and prior to the counter-proposal from his principal to sell for $3,000, respondent had received from Berry an offer of $3,600, which he failed to disclose to his principal. Respondent admits in his testimony that the statement contained in his letter of May 12th to his principal, wherein he says that a Mr. Groo was the party who had made the offer of $2,600, was not true, and that Groo had not made such

an offer, but that, on the contrary, the offer was intended to be for himself.

From these conceded facts it is clear that respondent did not exercise toward his principal in the matter of the sale and purchase of this real estate such good faith as the law requires an agent to exercise toward a principal. The entire transaction was carried on by correspondence, and it was his duty before purchasing this land for himself to fully disclose all of the facts and circumstances regarding the negotiations then pending with any other prospective purchaser, so that appellant would be fully advised of the situation. The court correctly instructed the jury that:

"Loyalty to his trust is the first duty which an agent owes to his principal. It follows as a necessary conclusion that the agent must not put himself in such a relationship that his interests become antagonistic to those of his principal. Fidelity in the agent is what is aimed at, and as a means of securing it the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal. So it is the duty of the agent to make his principal a full and complete disclosure of all facts relative to the subject of his agency which it may be material to the principal to know. And if an agent makes any profit in the course of his agency because of his failure to inform his principal of facts known to him, or which in the exercise of due diligence he should have ascertained for his principal, the profits of such transaction, as a matter of law, will belong exclusively to the agent's principal. The law guards the fiduciary relation, which the relation of principal and agent is, with jealous care. It seeks to prevent the possibility of a conflict between duty and personal interest. It demands that the agent shall work with an eye single to the interest of his principal. It forbids him from acting adversely to his principal, either for himself or for others. . . . . "

The jury, in rendering a verdict for respondent, failed to apply to the admitted facts in this case the rule of law thus given to it by the court. It was not until some sixty days

36 Idaho.—23

after this transaction that appellant became aware of respondent's breach of trust, and demanded an accounting for the $850 he had received for this land in excess of what he had paid his principal. The demand was refused, and respondent subsequently brought this action to recover from appellant the balance of his wages in part earned while the transaction relative to the land sale was pending. We think that appellant was entitled to set off its demand against respondent's claim for these wages, and to recover judgment for the excess received by respondent for the sale of said land.

Appellant complains of that part of the court's instructions which is as follows:

"In this connection, you are advised that if you find that the defendant and cross-complainant has proven by a prepondcrance of the evidence that the transaction whereby the plaintiff purchased the land in question was not made in good faith, and likewise, that the defendant and cross-complainant has proved each and every material allegation of its cross-complaint, then your verdict should be in favor of the defendant and cross-complainant."

We think that this instruction does not correctly state the law applicable to the admitted facts in this case, because it is equivalent to an instruction that it was incumbent upon appellant to prove by a preponderance of the evidence that the transaction whereby the respondent purchased the land in question was not made in good faith. All of the material facts and circumstances relating to the agency set forth in the cross-complaint were in effect admitted by respondent, either by his pleading or his testimony. The fact of his having purchased the real property which had been listed for sale with him, under both express and implied conditions that he should sell it for the best interests of his principal, prevented him from purchasing the same on his own account without first making a full and complete disclosure to his principal of all offers of purchase by others, and of all the facts and circumstances connected with the sale of this property. His admission that he did not do so would relieve the

appellant from the requirement that it assume the entire burden of proof of establishing the agent's want of good faith. That is, the question of good faith on the part of respondent must be determined from all the facts and circumstances of the case, and we do not think that the burden of establishing this by a preponderance of the evidence shifted to appellant, in view of the admissions of respondent in his answer to the cross-complaint and also in his testimony.

The cause is reversed and remanded, with instructions to grant a new trial. Costs awarded to appellant.

Rice, C. J., and McCarthy and Dunn, JJ., concur.