No. 18,954.

WILLIAM McKINNEY, ET AL *v.* E. M. CHRISTMAS, ETC.

(353 P. [2d] 373)

Decided June 20, 1960.

Messrs. KETTELKAMP, McGRATH & VENTO, for plaintiffs in error.

Mr. WALTER J. PREDOVICH, Mr. LESTER L. WARD, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

DID the trial court erroneously dismiss the complaint pursuant to defendant's motion asserting that it failed to state a claim for relief? This is the sole question which we are called upon to resolve in this proceeding. In this respect we need only search the complaint to ascertain whether it contains allegations affording sufficient notice of a claim warranting the granting of relief. *Bridges v. Ingram,* 122 Colo. 501, 223 P. (2d) 1051; *Weick, Adm. v. Rickenbaugh Cadillac Co.,* 134 Colo. 283, 303 P. (2d) 685.

The defendant (Christmas) was a real estate broker who undertook to sell certain real estate owned by the plaintiffs (McKinneys). In the course of time a contract of sale and purchase of the property was made through the defendant's efforts, under the terms of which the purchasers were to make payments over an extended period of time.

It was agreed that the defendant would act as plaintiffs' agent for the collection of payments required by the contract, and as escrow agent in holding certain instruments which were to be delivered in accordance with instructions upon performance by the parties of their respective undertakings.

Payments were made by the purchasers for a number of months in compliance with the contract, after which they defaulted, and the defendant through one of its employees acquired the interest of the purchasers in the real estate. Subsequently, the defendant sold such interest to other parties at a substantial profit. Defendant made no disclosure to plaintiffs of these developments. Having an inkling of the default and of what

transpired thereafter, plaintiffs made demand for an accounting and for profits realized by the defendant in the transaction.

In summary the foregoing sets forth the nature of the claim stated in the complaint. Assessing the motion to dismiss as an admission of the verity of the facts alleged, does the complaint aver a duty owing by defendant to plaintiffs which was violated, affording plaintiffs the right to seek an accounting and to recover any profits?

██ It would appear that the defendant was a special agent whose obligation to plaintiffs involved the performance of particular duties: acts relating to the sale of real estate owned by the plaintiffs, and acts subsequent thereto. An agency is special where a person is employed for a particular purpose under limited and circumscribed powers. *Manhattan Life Ins. Co. v. The First National Bank of Denver,* 20 Colo. App. 529, 80 Pac. 467. The powers "of a special agent are limited by the terms in which they are conferred, and he takes nothing by implication." *Great Western Mining Co. v. Woodmas of Alston Mining Co.,* 12 Colo. 46, 20 Pac. 771, 13 Am. S.R. 204.

██ In all his dealings affecting the *subject matter of his agency,* it is the duty of the agent to act with the utmost good faith and loyalty in behalf of his principal. *Treat v. Schmidt,* 69 Colo. 190, 193 Pac. 666; *Thomas v. Newcomb,* 26 Ariz. 47, 221 Pac. 226; *Fisher v. Seymour,* 23 Colo. 542, 49 Pac. 30. Part and parcel of this duty is the requirement that he make a full and complete disclosure of all facts relative to the subject of his agency which it may be material to the principal to know. *Jensen v. Sidney Stevens Implement Co.,* 36 Ida. 348, 210 Pac. 1003; *Lerk v. McCabe,* 349 Ill. 348, 182 N.E. 388. See *Fisher v. Seymour,* supra; *Treat v. Schmidt,* supra.

██ An agent cannot make a profit for himself out of the business in which he is engaged for his principal, or make use of information obtained through his em-

ployment to acquire interests in the subject matter of his agency adverse to those of his principal. *The Calumet Gold Mining and Milling Co. v. Phillips,* 31 Colo. 267, 72 Pac. 1064. If in so doing, the agent makes a profit, he must account therefore to his principal. *Whitehead v. Lynn,* 20 Colo. App. 51, 76 Pac. 1119.

Defendant had a duty to collect sums as they became due on the contract of purchase of the real estate owned by the plaintiffs. Any circumstances relating to or affecting the collection of said sums called into play his good faith and loyalty to his principal. Moreover, he was required to make full disclosure of any facts concerning the payment or nonpayment of such sums. A violation of any of these duties was an abuse of the confidential relationship existing between principal and agent, and if such violation resulted in a profit to the agent he must account for such profit to the principal.

It is in this manner that we apply the cited law to the facts alleged in the complaint, and in making such application we hold that the complaint stated a claim upon which relief could be granted and sufficiently advised the defendant of its nature.

The judgment is therefore reversed.

MR. JUSTICE HALL and MR. JUSTICE DAY concur.