123 P.3d 720 (2005)
142 Idaho 95
R HOMES CORPORATION, Plaintiff-Appellant,
v.
Roger HERR, individually; Superior Modular Systems, LLC., an Idaho limited liability company, Defendants-Respondents, and
John Does 1-10, and Black and White Corporation 1-5, Defendants.
No. 30667.
Court of Appeals of Idaho.
November 7, 2005.
*722 Craig R. Jorgensen, Pocatello, for appellant.
Racine, Olson, Nye, Budge & Bailey, Chartered, Pocatello, for respondents. John R. Goodell argued.
LANSING, Judge.
This is an appeal from a district court's grant of summary judgment for the defendant in an action by the defendant's former employer alleging that he breached his fiduciary duty of loyalty to the employer by soliciting customers and recruiting fellow employees for a new competing company. We affirm.

I.

BACKGROUND
Plaintiff R Homes Corporation operated a manufacturing plant for the construction of modular homes and other structures. R Homes hired defendant Roger Herr as its sales manager in June 1999. R Homes initially wanted Herr to sign a non-competition agreement, but he refused and was nevertheless employed. During Herr's employment, R Homes had financial difficulty, including intermittent employee layoffs and inability to meet payroll. Herr resigned effective January 1, 2000, and in February 2000, he opened a new competing modular home manufacturing business known as Superior Modular Systems (SMS). In mid-January 2001, R Homes filed for Chapter 11 bankruptcy protection and laid off all of its remaining employees. It ultimately went out of business.
R Homes filed an action against Herr claiming that while still employed by R Homes, he solicited its customers for his new business and recruited its employees in violation of his fiduciary duty of loyalty, and that these actions significantly damaged the company. Herr contends that while he did eventually do work for R Homes's former customers and hired its former employees, he did not solicit or recruit them while employed there. Rather, he claims that the customers asked SMS to undertake or complete projects because they had lost confidence in R Homes and that the employees came to SMS seeking work.
Herr moved for summary judgment, and in response R Homes submitted several affidavits. The district court initially granted partial summary judgment dismissing only the customer solicitation claim, finding no evidence that Herr had solicited R Homes's customers before terminating his employment there. Herr later renewed his motion for summary judgment on the employee recruitment claim, submitting twenty-two affidavits from SMS employees who had worked for R Homes, each stating that the individual had not been recruited by Herr. R Homes responded with an additional affidavit and requested a one-month extension to submit further material in opposition to the motion. *723 The district court granted the request reluctantly because it had previously allowed a three-month extension. At the end of the extension term, the court granted Herr's motion after first striking portions of R Homes's affidavits as inadmissible hearsay or as lacking foundation. R Homes appeals.

II.

ANALYSIS
Summary judgment under Idaho Rule of Civil Procedure 56(c) is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When a summary judgment motion has been supported by depositions, affidavits or other evidence, the adverse party "may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). See also Gardner v. Evans, 110 Idaho 925, 929, 719 P.2d 1185, 1189 (1986). When a court considers a motion for summary judgment, all facts are to be liberally construed in favor of the nonmoving party, and the court must draw all reasonable inferences in favor of the party resisting the motion. G & M Farms v. Funk Irrigation Co., 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); Sanders v. Kuna Joint Sch. Dist., 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994). "[T]he motion must be denied if the evidence is such that conflicting inferences may be drawn therefrom, and if reasonable people might reach different conclusions." Olsen v. J.A. Freeman Co., 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990). Nevertheless, a mere scintilla of evidence or only a slight doubt as to the facts is insufficient to withstand summary judgment; there must be sufficient evidence upon which a jury could reasonably return a verdict for the party opposing the motion. Corbridge v. Clark Equip. Co., 112 Idaho 85, 87, 730 P.2d 1005, 1007 (1986); Petricevich v. Salmon River Canal Co., 92 Idaho 865, 871, 452 P.2d 362, 368 (1969).
The party seeking summary judgment bears the initial burden to show that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. McCorkle v. Northwestern Mut. Life Ins. Co., 141 Idaho 550, 554, 112 P.3d 838, 842 (Ct.App.2005); Eliopulos v. Knox, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992). The movant may meet this burden by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. Dunnick v. Elder, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct.App.1994). This may be accomplished either by an affirmative showing with the moving party's own evidence or by a review of the nonmovant's evidence and the contention that the required proof of an element is lacking. Heath v. Honker's Mini-Mart, Inc., 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct.App.2000). Once such an absence of evidence has been demonstrated, the burden shifts to the party opposing the motion to show through further depositions, discovery responses or affidavits that there is indeed a genuine issue for trial or to show a valid justification for its failure to do so under I.R.C.P. 56(f). Sanders, 125 Idaho at 874, 876 P.2d at 156.
The claims in this case are based upon the duty of loyalty owed by an employee/agent to an employer/principal. The Idaho Supreme Court has long described the relationship between principal and agent as a fiduciary relationship. In Jensen v. Sidney Stevens Implement Co., 36 Idaho 348, 353, 210 P. 1003, 1005 (1922), the Court found the following jury instruction to be a correct statement of Idaho law:
Loyalty to his trust is the first duty which an agent owes to his principal. It follows as a necessary conclusion that the agent must not put himself in such a relationship that his interests become antagonistic to those of his principal. Fidelity in the agent is what is aimed at, and as a means of securing it the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal.... The law guards the fiduciary relation, which the relation of principal and agent is, with jealous care. It seeks to prevent the possibility of a conflict between duty and personal interest. It *724 demands that the agent shall work with an eye single to the interest of his principal. It forbids him from acting adversely to his principal.
Reported Idaho decisions have not addressed claims of a breach of this duty of loyalty by competing for an employer's customers or attracting away its employees, but the RESTATEMENT (SECOND) OF AGENCY § 393 (1957) is instructive. Section 393 of the RESTATEMENT states, "Unless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency." The comments to that section identify, as examples of this fiduciary duty, the duties not to solicit customers for a rival business before the end of the agent's employment and not to cause employees to break their contracts with the employer. R Homes claims that Herr violated his duty of loyalty by doing both.

A. Claim That Herr Breached His Fiduciary Duty in Soliciting R Homes Customers for His New Company
Like the district court, we can find in the record no evidence that Herr solicited the customers of R Homes before he terminated his employment there. R Homes provided affidavits identifying approximately a dozen projects that had been in various stages of planning at R Homes but that were completed by SMS. The evidence also indicates that Herr had direct contact with several of these customers or their agents while he was the R Homes sales manager. There is an absence, however, of any evidence that Herr sought out these customers for SMS at any time, much less that he solicited them during his employment at R Homes. It is unreasonable to infer solicitation solely from the fact that customers who once did business with R Homes thereafter took their business to SMS. Because there is no evidence whatsoever of this essential element of R Homes's claim, the district court did not err in granting summary judgment on this cause of action.

B. Claim That Herr Breached His Fiduciary Duty by Soliciting R Homes Employees
To resist the summary judgment motion on the claim that Herr recruited R Homes's employees for his new business, R Homes submitted several affidavits. The district court determined that portions of two of these affidavits were inadmissible hearsay or lacked adequate foundation and struck those portions before ruling on Herr's summary judgment motion. On appeal, R Homes contends that the court erred in this respect and thereby excluded admissible evidence that would have raised factual issues precluding summary judgment on the employee recruitment claim.
In order to be considered on a summary judgment motion, affidavits must be based on personal knowledge, set forth facts that would be admissible in evidence at trial, and show that the affiant is competent to testify on the stated matters. I.R.C.P. 56(e). In determining the admissibility of evidence, trial courts are given broad discretion and will be reversed on appeal only when there has been a clear abuse of discretion. State, Dep't of Health and Welfare v. Altman, 122 Idaho 1004, 1007, 842 P.2d 683, 686 (1992); Baker v. Shavers, Inc., 117 Idaho 696, 698, 791 P.2d 1275, 1277 (1990).
We consider first the affidavit of Gary Warner, from which the district court struck the following description of statements allegedly made by R Homes employees Ron Smith and Mike Armstrong a month before Herr left R Homes:
... I was told by Ron Smith ... that "good things were going to happen." Mr. Smith indicated that the matter was secret that that I should not tell others. He indicated that Mr. Herr and others were leaving R Homes to start a new company. I understood from Mr. Smith that certain key employees of R Homes, such as management/foreman/supervisors and those with licences [sic], such as Mr. Smith, the electrician, and myself, the plumber, were being recruited to join Mr. Herr and others at the new endeavor....
. . . .
... I was approached by Mike Armstrong, who was the frame shop supervisor. Mr. Armstrong indicated that Mr. *725 Herr and others were leaving R Homes to start their own company and that I was invited to join them in the new enterprise as the plumber. I understood at the time Mr. Armstrong made this proposal to me, that he was acting on behalf of Mr. Herr.
The district court ruled that these statements attributed to Smith and Armstrong were inadmissible hearsay. R Homes argues that this was error because the statements are admissible under Idaho Rule of Evidence 801(d)(2)(D) as statements of Herr's agents. The referenced rule provides that a statement is not hearsay if it is "offered against a party and is ... a statement by a party's agent or servant concerning a matter within the scope of the agency or employment of the servant or agent, made during the existence of the relationship." The district court found Rule 801(d)(2)(D) inapplicable because there was no independent evidence in the record showing that Smith and Armstrong were acting as agents of Herr when the alleged statements were made.
We agree with the district court. We have found no Idaho decision specifically addressing the type of foundational evidence of agency that is required for admission of evidence under I.R.E. 801(d)(2)(D), but decisions preceding adoption of the Idaho Rules of Evidence hold that independent evidence of the agency relationship, i.e., evidence apart from the alleged agent's own statements, are necessary before the alleged agent's out-of-court declarations may be admitted. In Hayward v. Yost, 72 Idaho 415, 242 P.2d 971 (1952), an action for negligence arising from a vehicle accident, the trial court admitted a plaintiff's testimony that the other driver told her, shortly after the accident, that he was driving to California in connection with his work for the defendant partnership. The partnership argued that the testimony should not have been admitted because at that point in the trial there was no other evidence from which the fact of agency might be inferred. The Supreme Court agreed, stating:
The declarations of an alleged agent made outside the presence of the alleged principal are, of themselves, incompetent to prove agency, but where the agency has been established by independent evidence, the declarations as corroborative evidence are admissible.
Id. at 429, 242 P.2d at 979 (internal citation omitted). In Clements v. Jungert, 90 Idaho 143, 408 P.2d 810 (1965), our Supreme Court considered whether evidence was admissible to show that a liability insurance company's claims representative had stated that the company would provide defense counsel for the insured in a tort action filed by a third party. The Supreme Court held that the claim representative's statement to the insured was properly excluded because there was no evidence to show that the representative was a general agent for the insurance company or possessed the authority to bind the company concerning the hiring of legal counsel for policyholders. Id. at 152, 408 P.2d at 815. Again in Killinger v. Iest, 91 Idaho 571, 575, 428 P.2d 490, 494 (1967), the Court held that testimony about statements by an alleged agent of the party opponent was hearsay and inadmissible against the principal to prove the existence of the alleged agency. Finally, in Clark v. Gneiting, 95 Idaho 10, 501 P.2d 278 (1972), the Court noted that the out-of-court declarations of an alleged agent, standing alone, are insufficient to prove that he has been granted the power to act for the alleged principal, although the Court there also held that there was sufficient evidence, independent of the alleged agent's hearsay declarations, to render the hearsay statements admissible. Although all of the foregoing decisions were rendered before adoption of the Idaho Rules of Evidence, in our view the same principal should apply to evidence proffered under I.R.E. 801(d)(2)(D) as an admission by an agent of a party opponent.
Applying this foundational requirement in the present case, it is apparent that the district court properly struck the portions of the Warner affidavit at issue. There is no evidence of an agency relationship between Herr and Smith or Armstrong sufficient for admission of Smith's or Armstrong's statements as admissions of Herr or his corporation, SMS. There was no actual employment relationship between them at the time of the declarations, for SMS was not then *726 organized or employing anyone. The affidavit gives no basis for Warner's conclusion that Armstrong was an agent, other than an unsubstantiated "understanding" that Armstrong was acting on behalf of Herr. All reasonable inferences must be drawn in favor of a party resisting summary judgment, but the inferences must be drawn from evidence. Here there is no evidence of agency but only insinuations. It was not an abuse of discretion for the district court to hold these insinuations insufficient to raise an inference of agency, particularly where the court had given R Homes several opportunities to bolster its evidence and it did not do so. The district court correctly held that the statements attributed to Ron Smith and Mike Armstrong were not admissible as statements of Herr's agents under I.R.E. 801(d)(2)(D).
Appellant alternatively argues that even if there was no agency relationship, the declarations were admissible as statements of Herr's co-conspirators under I.R.E. 801(d)(2)(E). Under that rule, statements offered against a party are not hearsay if they are made "by a co-conspirator of a party during the course and in furtherance of the conspiracy." Statements made by co-conspirators are admissible if there is some evidence of the conspiracy or promise of its production. State v. Jones, 125 Idaho 477, 485, 873 P.2d 122, 130 (1994); State v. Hoffman, 123 Idaho 638, 642, 851 P.2d 934, 938 (1993); State v. Ingram, 138 Idaho 768, 771, 69 P.3d 188, 191 (Ct.App.2003). A civil conspiracy exists if there is an agreement between two or more to accomplish an unlawful objective or to accomplish a lawful objective in an unlawful manner. McPheters v. Maile, 138 Idaho 391, 395, 64 P.3d 317, 321 (2003). Thus, application of Rule 801(d)(2)(E) to the evidence in question, would require some evidence of an agreement between Herr and Smith and/or Armstrong to engage in the unlawful conduct of recruiting employees of their mutual employer, R Homes.
There are only two components of R Homes's evidence that could even arguably imply such a conspiracy. The first is Smith's declaration that the new enterprise was secret, but this is part of the very hearsay, the admissibility of which is at issue. The second is the assertion that Warner was invited to join "them" and Warner's "understanding" that the invitation was being made by Armstrong on behalf of Herr. As noted above however, there is no evidence of the basis for Warner's understanding, and there is no evidence that either Smith or Armstrong was acting on Herr's instruction, with his knowledge, or pursuant to an agreement with him to unlawfully recruit employees. Therefore, it was not an abuse of discretion for the court to exclude this portion of Warner's affidavit.
We next consider the following component of the affidavit of Cindy Morgan, which the trial court held to be inadmissible:
I suspected in December 1999, that Mr. Herr was going to be starting his own company. I had knowledge of Mr. Herr recruiting other employees at R Homes to join him at his new business. Frequently, Mr. Herr would discuss employees of R Homes that would be good, that we could work with at the new place. We often would tell prospective employees names of other people we had recruited in the hopes of building a team that could start up when [SMS] opened its doors.
The district court held this statement inadmissible because it did not set forth specific supporting facts for the affiant's alleged knowledge of the reported discussions or the time when they occurred. We find no error in this decision.
An affidavit's presentation of statements of a third party may be inadmissible if it does not set out with sufficient specificity the statements that were made or present a sufficient foundation as to when they were made. See Casey v. Highlands Ins. Co., 100 Idaho 505, 508, 600 P.2d 1387, 1390 (1979). In Sprinkler Irrigation Co. v. John Deere Ins. Co., 139 Idaho 691, 85 P.3d 667 (2004), for example, the Idaho Supreme Court held that the lower court correctly struck an affidavit regarding the statements and actions of the opposing party's agents because it contained hearsay, unfounded assertions, and "rambling, nonspecific, inaccurate and unsupported statements." Id. at 697, 85 P.3d at 673.
*727 Here, the Morgan affidavit contains only vague, conclusory statements. It does not state that she personally heard Herr recruiting employees, nor does it specify when the recruitment occurred or who the employees were. It does not even state whether the recruitment occurred before or after Herr left R Homes. If it was afterward, then it would not be relevant to R Homes's claims that Herr breached his fiduciary duty while an R Homes employee. The district court correctly held that this portion of the Morgan affidavit was inadmissible for lack of foundation and specificity and that it therefore does not demonstrate a genuine issue of fact for trial.
Having determined that the trial court correctly excluded portions of the affidavits submitted by R Homes, we now consider whether the remaining evidence was sufficient to raise a genuine issue of material fact that would prevent summary judgment. Even drawing all reasonable inferences in favor of R Homes, as we must, we agree with the district court's conclusion that the evidence is insufficient to create a genuine issue for trial. The evidence proffered by R Homes indicates that, before Herr left employment with R Homes, he was planning to start his own company, but his active planning of this lawful endeavor does not imply that he was unlawfully soliciting employees. R Homes's evidence also shows that about the time Herr started SMS, numerous employees left R Homes and began working for SMS. The affidavit of Richard Ashbaugh asserts that a number of the employees had been "`talked to' about `moving on,' meaning they were being interviewed to go to work for Mr. Herr's new company." This statement, however, has the same foundational deficiencies as the statements in Cindy Morgan's affidavit. It does not articulate the basis of the affiant's knowledge or the location, time, or other specifics of the alleged conversations, and the affidavit does not say that Herr participated in any of these conversations. It is therefore insufficient to raise a genuine issue of fact. None of R Homes's evidence is sufficient to controvert the very specific affidavits of former R Homes employees submitted by Herr stating that Herr did not recruit them during the period of his employment with R Homes.

III.

CONCLUSION
R Homes has not demonstrated that the district court abused its discretion in striking portions of the affidavits submitted by R Homes. On the remaining evidence, R Homes has not shown that it possesses any substantial evidence by which it can meet its burden to prove that Herr, while an R Homes employee, solicited its customers or his fellow employees to abandon R Homes. There being no genuine issue of material fact demonstrated by the evidence, the district court correctly granted summary judgment.
The district court's order of summary judgment dismissing this action is affirmed. Costs on appeal to respondent.
Chief Judge PERRY and Judge GUTIERREZ concur.