CASTNER, PLAINTIFF IN ERROR, v. RICHARDSON, DE-
FENDANT IN ERROR.

1. CONTRACT OF EMPLOYMENT.

To entitle a real estate agent to commissions, a contract of employment
is necessary; this is as true of an agency to find a purchaser as of
an agency with power to sell.

2. PRINCIPAL AND AGENT.

When a broker asks and obtains from the owner the price at which he
is willing to sell certain real estate,—this, without more, does not
establish the relation of principal and agent between the owner and
the broker.

3. PROVINCE OF TRIAL AND APPELLATE COURTS.

When an action is tried by the court without a jury, the court is the
judge of the credibility of the witnesses whom he sees and hears,
and of the weight of the evidence which they give; and where the
evidence is conflicting, it is not the province of an appellate court
to reverse findings of fact.

4. STATUTE OF FRAUDS.

By the statute of frauds as amended in 1887, a binding contract for the
sale of real estate cannot be executed by an agent, unless the agent
be authorized *by writing*.

5. EARNING OF COMMISSIONS.

Where the owner merely states to a broker, not employed as his agent,
the net price which he will accept within a limited time, and the
broker procures an offer of such price within such time, but does
not procure the execution of a binding contract, nor a purchaser
ready to pay the purchase price within the time limited, and the
owner refuses to allow further time, the broker cannot recover
commissions.

*Error to the County Court of Arapahoe County.*

ACTION by real estate broker for commissions; action
commenced before a justice of the peace.

There being no written pleadings, the nature and cause
of the action, as well as the grounds of defence, must be as-
certained from the evidence. On appeal to the county court
a trial was had, resulting in a finding and judgment for the
defendant, Richardson. The plaintiff, Castner, brings the

cause to this court by writ of error. The facts sufficiently appear in the opinion.

Messrs. Hoyt & Bice, for plaintiff in error.

Mr. Charles H. Burton, for defendant in error.

Mr. Justice Elliott delivered the opinion of the court.

1. To entitle a real estate agent to commissions, a contract of employment is necessary. The term, *commissions*, thus used, means the amount allowed or paid to an agent or broker employed to manage the affairs of another, as compensation for such services. Where, as in this case, the employment is denied, the relation of principal and agent must be affirmatively established by a preponderance of the evidence, though such relation may be implied from such facts and circumstances as satisfactorily establish its existence. This is as true in respect to an agency to find a purchaser, as of an agency with power to sell. Wharton on Agency and Agents, § 330.

2. When a real estate broker asks and obtains from the owner the price of certain real estate, or the price at which the owner is willing to sell, this, without more, does not establish the relation of principal and agent between the owner and broker; it does not establish a contract of employment. If the rule were otherwise, no one would be safe in stating the price of his own property in the hearing of a broker.

3. This action was tried by the court without a jury. If the finding had been in favor of plaintiff, we might not have felt at liberty to disturb it, since from the facts and circumstances shown by plaintiff's evidence, a contract of employment might possibly have been inferred. But the trial court was the judge of the credibility of the witnesses whom he saw and heard, and of the weight of the evidence which they gave. The evidence being conflicting, it is not the province of this court to reverse findings of fact.

The testimony of the defendant was plain and positive to the effect that he did not employ the plaintiff as his agent in any capacity. Defendant testified that plaintiff came to his office and inquired what he would take for his Welton street property;—that he told plaintiff he would take $15,750 net; that he would accept that amount for one week, but that he never put any property for sale on commission, and never employed any agent; that he repeated these statements to plaintiff several times on the occasion when he inquired the price of the property. Defendant also testified that afterwards, when plaintiff claimed to be defendant's agent in the transaction, he (defendant) told plaintiff that " he was no such thing."

According to defendant's evidence, upon which the finding and judgment of the trial court were evidently based, plaintiff was never employed by defendant; and the services he rendered were entirely unsolicited. At most, plaintiff had but a naked verbal option for which he paid nothing, and for which defendant received nothing. Defendant made a verbal offer for a limited period of time by which he agreed to sell the premises for a specified sum of money to be paid to him during that time, and that was the extent of the agreement between plaintiff and defendant.

The sale was not consummated, nor did plaintiff, or any one procured by him, offer to pay the price or to execute a binding contract within the time limited by defendant. The evidence shows that plaintiff received an offer for the property within the time limited and upon the terms stated to him by defendant; that he communicated such offer to defendant; and that defendant gave plaintiff until the close of banking hours the second day thereafter in which to close the sale and pay over the purchase money. This not being done within the extended time, defendant afterwards refused to convey the property, and also refused to pay plaintiff any commissions.

4. The payment of $25.00 by the proposed purchaser to plaintiff, and plaintiff's receipt therefor, did not create a bind-

ing contract of sale, as plaintiff was not authorized *by writing* to execute such contract as was then required by the act of 1887, Session Laws, p. 274.

5. It is contended as plaintiff found a purchaser ready, willing and able to buy within the time limited and upon the terms stated by defendant, he had fully earned his commissions, and, further, that he was entitled to a reasonable time to procure an abstract, examine the title, and so close up the proposed sale. Such rule is not applicable in a case of this kind; it can only apply to a case where the contract of employment is admitted or established by the evidence, and where time is not of the essence of such contract. It may be conceded, where an owner engages the services of an agent to sell, or negotiate a sale of, his real estate, and by the contract the agent's compensation is made dependent upon a consummated sale, and time is not of the essence of such contract, that the agent is entitled to a reasonable time in which to consummate the same after he has found a purchaser, ready, willing and able to buy upon the very terms stated by the owner; but no such duty devolves upon the owner toward a person whom he has not employed as his agent, and certainly not in a case where the owner expressly limits the time in which a person not an agent may procure and pay over the purchase money. *Watson v. Brooks*, 11 Oregon, 271; *Buckingham v. Harris*, 10 Colo. 455; *Wray v. Carpenter*, 16 Colo. 271.

The judgment of the county court is affirmed.

*Affirmed.*