[No. 5504.]
[No. 3174 C. A.]

## PHELPS ET AL. v. HALE.

**1. Brokers—Commission—Proof of Agency.**

Before a broker can receive a commission, he must prove his authority to sell the property and his essential agency in accomplishing the sale thereof.—P. 256.

**2. Same.**

In an action for commission for sale of lands, evidence reviewed and held insufficient to show agency or employment.—P. 256.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Peter L. Palmer, Judge.*

Action by John S. Hale against Alfred C. Phelps and Clara A. Phelps, his wife. From a judgment for plaintiff, defendants appeal. *Reversed.*

Mr. HORACE PHELPS, for appellants.

Mr. CHARLES L. DICKERSON, for appellee.

Mr. JUSTICE HELM delivered the opinion of the court:

Appellee, who was plaintiff below, brought suit against appellants and secured judgment for commissions on the sale of the Idledale ranch in Jefferson county belonging to them. The recovery is contested in this court upon two grounds, viz.: First,

because no agency or employment of plaintiff by defendants was shown; second, because it does not appear that plaintiff was the procuring cause of the sale.

The burden of establishing both of these propositions by a fair preponderance of the evidence was upon plaintiff. Before he could recover he was required to prove his authority to sell the property and his essential agency in accomplishing the sale thereof.

At the time of the transactions mentioned in the record, and for a considerable period prior thereto, plaintiff was and had been occupying the ranch in question as a tenant of defendants. On the 12th of May, 1902, defendant, A. C. Phelps, in response to a verbal request from plaintiff through defendant's son, wrote plaintiff a letter stating the price for which he would sell the ranch. The letter described the different natural divisions or tracts into which the property was divided, and fixed a total selling price of $5,000.00 *net* for the whole; it also stated the separate price for each of the tracts or subdivisions mentioned. The letter likewise declared that while defendant did not wish to consider binding the proposition, he thought that for a short time he would sell at those rates.

There was no response to this letter. But a couple of months later plaintiff wrote Phelps inquiring the best terms for a five years' lease upon the ranch; also mentioning a sale of eighty acres of the ground in the meantime by defendants to a third person. And on July 22d, in response, Phelps wrote a second letter to plaintiff. In this letter he said incidentally, that he would sell the remaining 320 acres of the ranch for $4,500.00; and would cut that price somewhat for cash. He then discussed the terms of rental, etc.; and finally declared that the figures, both

as to sale and rental, were for plaintiff only, and were not to be given to others. Likewise that this offer would not be left open but a very short time.

To this communication there was no response. But after the lapse of another two months a Mr. and Mrs. Williams appeared at the Idledale ranch with a letter from a broker in Denver asking plaintiff to show them another property near-by. They had some difficulty in reaching such property and decided not to make the purchase. Thereupon plaintiff informed them that the Idledale ranch was for sale, that the price was $5,000.00, that defendants were the owners, and gave them the address of A. C. Phelps in Denver. Plaintiff further testified that he requested them to tell Mr. Phelps he had sent them.

Mrs. Williams went to the office of Mr. Phelps the next day, and on the day following completed the purchase of the property for $3,600.00; that sum, however, included $100.00 for furniture not mentioned in the foregoing negotiations.

There is no testimony showing that Mrs. Williams told Mr. Phelps that plaintiff had sent her to him; although she did say that she learned from plaintiff that the place was for sale. A few days after the sale was completed plaintiff, being in Mr. Phelps' office in Denver, said he thought he was entitled to a commission thereon. Phelps immediately repudiated the claim for commission and positively declined to recognize any right of plaintiff thereto.

The foregoing is a fair, though brief, synopsis of the record. It is evident therefrom that defendant, Phelps, who acted throughout for both defendants, had no thought of giving plaintiff an agency for the sale of the property in question. Plaintiff was not a real estate broker. He was not engaged in the business of buying or selling property of any kind on commission. He was, on the contrary, as

above stated, conducting defendant's ranch as a tenant and was engaged in cultivating and harvesting fruit and other crops thereon. The correspondence indicates that Phelps supposed plaintiff was inquiring the price of the ranch with a view of purchasing the same himself. At one time previous to this correspondence there had been some conversation between them relating to an exchange of the ranch for lands owned by plaintiff elsewhere. No time was specified within which the sale was to be made; no commissions were fixed, nor was the subject of commissions in any manner referred to. The first intimation of any such claim was the suggestion in Phelps's office after the sale.

We cannot hold that an agency or authority on the part of plaintiff was proven. To say that it was would be to establish a dangerous precedent. It would practically seal the lips of the owners of property concerning its value; or at least render hazardous any expression on the subject.

In *Castner v. Richardson*, 18 Colo. 497, this court said:

"When a real estate broker asks and obtains from the owner the price of certain real estate, or the price at which the owner is willing to sell, this, without more, does not establish the relation of principal and agent between the owner and broker; it does not establish a contract of employment. If the rule were otherwise, no one would be safe in stating the price of his own property in the hearing of a broker."

This language was employed with reference to a real estate broker; one who was engaged in the business of selling real estate on commission; and one whose inquiry would, therefore, naturally arouse suspicion by the owner that the inquirer de-

sired to handle the property as a broker and for a commission.

Whereas, in this case, the inquiry came from a source calculated to entirely disarm such suspicion. Carefully analyzed, the evidence amounts only to a request by plaintiff for the statement of a price for the ranch and the fixing of the selling value in reply. It was simply the asking and giving of the price "without more." The conditions in this respect were not so favorable to plaintiff as were the conditions in *Castner v. Richardson.*

It is doubtful if the case is any stronger upon the other proposition urged in support of the judgment.

"The broker must be the efficient agent or procuring cause of the sale. The means employed by him and his efforts must result in the sale. He must find the purchaser and the sale must proceed from his efforts acting as broker."—*Lawrence v. Weir,* 3 Colo. App. 406; *Babcock v. Merritt,* 1 Colo. App. 89; *Anderson v. Smythe,* 1 Colo. 257.

But the foregoing conclusion is decisive in favor of reversal, and we express no opinion upon the claim of plaintiff that he was the procuring cause of the sale.

If there were conflict of evidence upon matters material to a decision of the question of agency, we would bow to the verdict of the jury. But there was no substantial conflict in this regard. As we view the case, the court should have instructed that body to return a verdict for defendants after the evidence was all in, even though he declined to grant the motion for a nonsuit.

The judgment will be reversed.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.