(June 27, 1918.)

R. H. WALLACE, Doing Business as R. H. WALLACE & COMPANY, Respondént, v. JOHN McKENNA, Appellant.

[173 Pac. 749.]

BROKER—COMMISSION—CONTRACT—TIME OF PERFORMANCE.

　　1. In order for a broker to recover a commission under a contract to negotiate a sale within a specified time it must appear that he performed the duty assumed by him within the time limited in his contract. Failing in this, he is not entitled to the commission, even though he made efforts to sell the property and first called it to the attention of the party who subsequently made the purchase, unless the delay was caused by the negligence, fault or fraud of the owner.

　　[As to when a broker becomes entitled to commissions, see note in 28 Am. St. 546.]

APPEAL from the District Court of the Second Judicial District, for Lewis County. Hon. Edgar C. Steele, Judge.

Action on contract to recover real estate broker's commission. Judgment for plaintiff. *Reversed and remanded.*

Fogg & Nugent, for Appellant.

"Before a broker can be said to have earned his commission, it must be shown that he procured a purchaser who was ready and willing to make the purchase on terms satisfactory to his employer, and that he was the efficient agent or procuring cause of the sale; also that he performed the duty assumed by him within the time limited in his contract, or within such extension of time as may have been granted by his employer. If he failed to do that he is not entitled to the commission even though he made efforts to sell the property, and first called it to the attention of the party who subsequently made the purchase, unless the delay was caused by the negligence, fraud, or fault of the owner." (*Zeimer v. Antisell,* 75 Cal. 509, 17 Pac. 642; *Brown v. Mason,* 155 Cal. 155, 99 Pac. 867, 21 L. R. A., N. S., 328; *Fultz v. Wimer,* 34 Kan. 576, 9 Pac. 316.)

Chas. L. McDonald, for Respondent.

"Where a party employs a real estate broker to sell a piece of property at a stipulated price and the broker procures a purchaser who purchases said property, or is able and willing to purchase said property upon the terms given to the agent by the owner, or where the purchaser's attention was first called to the desires of the owner of the property by the broker and he thereafter purchases the property, the broker is entitled to his commissions." (*Tonkin-Clark Realty Co. v. Hedges,* 24 Ida. 304, 311, 133 Pac. 669; *Phillips v. Brown,* 21 Ida. 62, 120 Pac. 454; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Smith v. Anderson,* 2 Ida. 537, 21 Pac. 412; *Goffe v. Gibson,* 18 Mo. App. 1; *Griswold v. Pierce,* 86 Ill. App. 406; *Ewan v. Power,* 165 Ky. 806, 178 S. W. 1092; *Rasar & Johnson v. Spurling,* 176 Ill. App. 349.)

"Where a sale is actually made by the owner closing the deal with the customer of the broker, the broker need not to recover show that the sale was completed within the time fixed in the contract of employment or an option on the property, provided the broker initiated the transaction of purchase

within the prescribed time and hence was the procuring cause, but recovery depends on the fact that the transaction initiated by the broker was continued by the subsequent dealings between the owner and the customer or some one representing him." (*Cole v. Crump*, 174 Mo. App. 215, 156 S. W. 769; *Weischs Gerhard Real Estate Co. v. Eplein* (Mo.), 137 S. W. 326; *Knox v. Parker*, 2 Wash. 34, 25 Pac. 909.)

BUDGE, C. J.—This action was brought by respondent to recover the sum of $900 as commission for the sale of certain real estate. The cause was tried to a jury and a verdict returned in favor of respondent for $541.66⅔, upon which judgment was entered. A motion for a new trial was denied. This appeal is from the judgment and from the order overruling the motion for a new trial.

On June 25, 1915, appellant signed an agreement authorizing respondent to sell certain lands, the clause in said agreement which is material to the questions herein discussed reading as follows:

"I hereby authorize and employ you to negotiate for me, at any time within 12 months, a sale of the tract of land or property described as follows":

About the 15th of June, 1916, respondent took one Overman out to appellant's place and introduced him as a prospective purchaser. No further steps were taken at that time. Overman returned to appellant's that night, stayed all night, and the following morning looked over the place with appellant, got his prices and left to take the matter under advisement. Overman again went to appellant's place on July 3d, at which time appellant made certain concessions in regard to terms, but still no agreement was reached; on July 10th Overman again went to appellant's place and, after procuring additional concessions from appellant, the deal was closed, and on the eleventh day of July, 1916, a written contract was entered into by McKenna and his wife and Overman for the sale of the property.

While there are several assignments of error, the controlling question in the case is raised by the assignment which predicates error upon the giving of the following instruction:

"I instruct you further, gentlemen of the jury, that the contract in question provides that the agent Wallace shall have the right to negotiate a sale within 12 months from the 25th day of June, 1915; and I instruct you that if you find from the evidence that the defendant (plaintiff) Wallace produced a purchaser by the name of Overman, and introduced him to the said McKenna, and that the said McKenna and the said Overman were left to talk over the sale of the said lands, and if you find that said negotiations continued until the 3d day of July and afterwards were consummated on the 10th day of July, 1916, yet I instruct you that the fact that the year had expired would not prevent the agent recovering his commissions if he had produced the purchaser prior to the expiration of the year, and the negotiations were continuing until the sale was made."

The instruction quoted succinctly states respondent's theory of the case.

On the other hand appellant contends that respondent's authority to act as a broker and his right, if any, to a commission expired on the twenty-fifth day of June, 1916,—that is to say, at the expiration of the twelve months' period limited in the contract of listing, and that, inasmuch as appellant and Overman were unable to and did not agree upon the terms of sale or to any sale of the property within the twelve months' period, and, further, that the delay in consummating a sale was not caused by any negligence, fraud or fault on the part of the appellant, that therefore respondent is not entitled to any commission under his contract.

There is nothing in the pleadings nor in the evidence even intimating that the delay in closing the deal was due to any negligence, fault, fraud or bad faith on the part of appellant. The rule seems to be well settled that in order for a broker to recover a commission under a contract to negotiate a sale within a specified time it must appear that he performed the duty assumed by him within the time limited in his contract. Failing in this, he is not entitled to the commission, even though he made efforts to sell the property and first called it to the attention of the party who subsequently made

the purchase, unless the delay was caused by the negligence, fault or fraud of the owner.   The leading cases announcing the rule are: *Fultz v. Wimer,* 34 Kan. 576, 9 Pac. 316; *Sibbald v. Bethlehem Iron Co.,* 83 N. Y. 378, 38 Am. Rep. 441.   Other cases in point are: *Zeimer v. Antisell,* 75 Cal. 509, 17 Pac. 642; *Ropes v. John Rosenfeld's Sons,* 145 Cal. 671, 79 Pac. 354; *Brown v. Mason,* 155 Cal. 155, 99 Pac. 867, 21 L. R. A., N. S., 328, and note; *La Force v. Washington University,* 106 Mo. App. 517, 81 S. W. 209; note to *Smith v. Preiss* (Minn.), Ann. Cas. 1913D, 824; *Sorenson v. Smith,* 65 Or. 78, Ann. Cas. 1915A, 1127, 129 Pac. 757, 131 Pac. 1022, 51 L. R. A., N. S., 612; *Slotboom v. Simpson Lbr. Co.,* 67 Or. 516, Ann. Cas. 1915C, 339, 135 Pac. 889, 136 Pac. 641; *Butterfield v. Consolidated Fuel Co.,* 42 Utah, 499, 132 Pac. 559; *Brady v. Admiralty Trading Co.,* 87 Wash. 477, 151 Pac. 1084.

It is clear from the facts above recited that respondent has not brought himself within the rule and has not shown himself entitled to recover.   The judgment is reversed and the cause is remanded.   Costs awarded to appellant.

Morgan and Rice, JJ., concur.