THOMAS IGO, DOING BUSINESS AS IGO LAND COMPANY v. J. C. BRINKMAN AND EMMA BRINKMAN, HIS WIFE.[1]

January 20, 1922.

No. 22,566.

**Broker—when commission is earned.**

Where a real estate broker was authorized by the owners to sell and execute a contract of sale of a farm within a limited time, he has not earned his commission unless, during the life of the agency, he either produced to the owners a purchaser ready, willing and able to buy upon the terms specified, or notified them during such time so that they had an opportunity to enter a binding contract with the purchaser, or brought to the owners for their signature, within said time, such a contract of sale signed by the purchaser, or unless he within the limited time, executed in behalf of the owners a valid sale contract with the purchaser.

Action in the district court for Goodhue county to recover $2,500 broker's commission in selling a farm. The case was tried before

[1]Reported in 186 N. W. 297.

Converse, J., who at the close of the testimony granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*A. J. Rockne*, for appellant.

*F. M. Wilson*, for respondents.

HOLT, J.

The action was dismissed when the evidence was in. A new trial was denied and plaintiff appeals.

On November 13, 1919, defendants employed plaintiff "sole and exclusive agent to sell or contract" in their name, for $52,500, a farm of 173 acres in "N. E. ¼ of Sec. 32 and S. E. ¼ of Sec. 29 Twp. 110 R. 15 Less Right of Way * * * for a period of nine months." At the trial plaintiff produced a written contract for the sale of the farm purporting to be made on August 13, 1920, signed by Anton Berg and Mary Berg as purchasers, and the names of defendants appended by "Thomas Igo, Agent." The introduction of this contract was prima facie proof of a sale concluded on the last day of plaintiff's employment, for there is nothing to the point that the description includes more land than defendants authorized to be sold, it being more definite than the listing contract and confined the land sold to "173 acres as now surveyed out and in accordance of lines and boundary lines now established on said farm." But, while the evidence is such that it should be properly left to a jury to determine whether the Bergs signed the contract on the thirteenth or the fourteenth, there cannot well be any contention that the names of defendants, as sellers, were not appended thereto by plaintiff until on or after the sixteenth, for plaintiff sent his employe out to defendants' farm on the fourteenth, for the purpose of bringing them in to sign the contract, and on the sixteenth plaintiff went to their home for the same purpose. Evidently at that time there had been no attempt by plaintiff to sign in behalf of defendants. On August 14 defendants concluded not to sell the farm.

As we construe the listing contract, plaintiff's employment and authority as defendants' agent ended August 13 at midnight. After that time he had no power to act for them. It is conceded that he

never brought the Bergs to defendants when they were ready, willing or able to enter a binding contract to purchase the farm. Hence reliance must be placed wholly upon the written contract, and the difficulty there, is that when plaintiff undertook to sign it in behalf of defendants his agency had terminated. Plaintiff, by the listing contract, had the right to execute a sale contract for defendants on the thirteenth of August, but not at any time thereafter. Nor did plaintiff present the contract to defendants until at least three days thereafter. The authorities are generally to the effect that, where a real estate broker's employment is for a limited period, time is of the essence of the agreement, and he must fully perform within the period named in order to earn his commission. Watson v. Brooks, 11 Ore. 271, 3 Pac. 679; Slotboom v. Simpson Lumber Co. 67 Ore. 516, 135 Pac. 889, 136 Pac. 641, Ann. Cas. 1915C, 339; Castner v. Richardson, 18 Colo. 496, 33 Pac. 163; Barney v. Yazoo Delta Land Co. 179 Ind. 337, 101 N. E. 96; Fultz v. Wimer, 34 Kan. 576, 9 Pac. 316; Westerman v. Peer Inv. Co. 197 Mo. App. 278, 195 S. W. 78; Wallace v. McKenna, 31 Idaho, 477, 173 Pac. 749; Brown v. Mason, 155 Cal. 155, 99 Pac. 867, 21 L. R. A. (N. S.) 328. Plaintiff contends that he found the Bergs ready, willing and able to purchase on the terms proposed by defendants within the life of his agency, and that thereby the commission was earned, even though defendants were not notified thereof until after the agency expired. In support are cited: Schramm v. Wolf (Tex. Civ. App.) 126 S. W. 1185; Gibbons v. Sherwin, 28 Neb. 146, 44 N. W. 99; and O'Connor v. Semple, 57 Wis. 243, 15 N. W. 136.

There was evidence in Schramm v. Wolf that the sale was made within the life of the agency and was reported to the principal on the day on which it terminated, and that immediately thereafter the land was conveyed to the purchaser procured by the agent. The question there presented does not arise in the case at bar.

The Nebraska case is not in point, for that turned upon a construction of the terms of the employment contract as to whether the commission was earned when the sale was made or whether notice thereof must also reach the principal within the time fixed. The

court held that the agent entered a valid sale contract during the life of the agency and was entitled to recover.

The Wisconsin case announces as the law that, if a real estate broker makes a verbal sale to a responsible party within the time limited, he has a reasonable time in which to notify his principal of the sale. In that case the court held the agent not authorized to make a contract of sale. The parties lived at some distance from each other, and, although the agent made strenuous efforts to notify the owner of the sale, he did not succeed in so doing until the second day after the time limit expired. The court held he had given notice within a reasonable time under the circumstances of that case. We have found no other decision holding that notice of a sale need not be given during the life of the agency, and that it may be given within a reasonable time thereafter.

In Baars v. Hyland, 65 Minn. 150, 67 N. W. 1148, the attorneys for the appellant presented a strong argument in their brief against the law in O'Connor v. Semple, while the respondent contended it was sound. This court did not pass on the proposition, for the opinion states that conceding the plaintiff therein "had all of November 16 in which to find a purchaser, and a reasonable time thereafter in which to give defendant notice thereof," still no recovery could be had, because the agent did not have the exclusive right to sell, and hence the sale by principal before notice defeated the claim to a commission. In that case this significant language is used:

"When, under such a contract, has the agent earned his commissions by finding a purchaser? Is it when the agent himself has found the purchaser, or when the principal has found him through the agent? Is it sufficient that the agent has himself found a person ready and willing to buy, or must he produce that person to his principal? Must he bring the parties together, so that the principal has also found the purchaser? We are clearly of the opinion that he must."

In the instant case neither the purchasers nor the contract signed by them was brought before defendant until after plaintiff's agency

had expired. Because plaintiff neither notified defendants that he found a purchaser, nor produced such a purchaser within the time limited, nor during that time tendered the contract of sale signed by the Bergs to defendants, he cannot recover. The contract received in evidence was not executed within the life of the agency. So that plaintiff neither sold nor made a valid contract for the sale of the farm during the time of his employment. This leads to the conclusion that the learned trial court properly ordered a dismissal, and it is not necessary to consider any of the other errors assigned.

The order is affirmed.