(August 2, 1923.)

R. H. WALLACE, Doing Business as R. H. WALLACE & COMPANY, Appellant, v. JOHN McKENNA, Respondent.

[217 Pac. 982.]

REAL ESTATE BROKER—COMMISSION—CONTRACT—TIME OF PERFORMANCE —MOTION FOR NONSUIT — WITNESS NOT SWORN — FEES AND MILEAGE—TAXATION OF COSTS—DISMISSAL OF APPEAL.

1. In order for a broker to recover a commission under a contract to negotiate a sale within a specified time it must appear that he performed the duty assumed by him within the time limited in his contract. Failing in this, he is not entitled to the commission, even though he made efforts to sell the property and first called it to the attention of the party who subsequently made the purchase, unless the delay was caused by the negligence, fault or fraud of the owner.

2. In this case appellant failed to bring himself within the foregoing rule, and the motion for nonsuit was properly granted.

3. A party claiming per diem and mileage for a witness who attended the trial but was not sworn and examined, in case such claim is challenged, is required to satisfactorily show why such witness was required to attend and why he was not sworn and examined.

4. *Held,* in this case that a satisfactory showing was made.

APPEAL from the District Court of the Tenth Judicial District, for Lewis County. Hon. Wallace N. Scales, Judge.

Action on contract to recover real estate broker's commission. Judgment for defendant. *Affirmed.*

Daniel Needham, for Appellant.

The evidence established a *prima facie* case for plaintiff. (*Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Culver v. Kehl,* 21 Ida. 595, 123 Pac. 301; *Kansteiner v.*

Publisher's Note.

1. When broker has earned his commission, see note in 139 **Am. St.** 225.

*Clyne,* 5 Ida. 59, 46 Pac. 1019; *Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925.)

The court should have submitted the case to the jury for consideration. (*Later v. Haywood,* 12 Ida. 78, 85 Pac. 494; *Stricker v. Hillis,* 17 Ida. 646, 106 Pac. 1128; *Mineau v. Imperial Dredge & Exploration Co.,* 19 Ida. 458, 114 Pac. 23; *York v. P. & N. Ry. Co.,* 8 Ida. 574, 69 Pac. 1042.)

The judgment of nonsuit is against law. (*Donovan v. Boise City,* 31 Ida. 324, 171 Pac. 670.)

Fogg & Nugent, for Respondent.

Unless a new state of facts is shown the former decision is conclusive. (*Klauber v. San Diego,* 98 Cal. 107, 32 Pac. 876.)

Plaintiff did not make a *prima facie* case, and hence the nonsuit was properly granted. (*Wallace v. McKenna,* 31 Ida. 477, 173 Pac. 749, and cases therein cited, particularly *Fultz v. Wimer,* 34 Kan. 576, 9 Pac. 316.)

A witness who actually attends court for the purpose of testifying is entitled to his fees and mileage. (C. S., sec. 8069.)

DUNN, J.—This action was brought by appellant to recover the sum of $900 as commissions for the sale of certain real estate. A demurrer to the complaint was filed and overruled by the court. Upon the issues being joined a trial was had before the court and a jury and at the close of appellant's evidence a motion for nonsuit was made and granted. Thereupon judgment was entered dismissing the action and awarding costs in favor of respondent. A motion to tax costs was thereafter made by appellant and an order was made by the court taxing costs, to which appellant duly excepted. A motion for a new trial was then made and overruled. This appeal is taken from the judgment, from the order overruling the motion for a new trial and from that part of the judgment and order taxing as costs the mileage and fees of one Overman.

Eight assignments of error are specified and relied upon by appellant. The first four relate to the action of the court in granting the motion for nonsuit and entering judgment in favor of respondent. The judgment was entered on February 16, 1921, and the notice of appeal was not filed until September 1, 1921, more than ninety days after the entry of such judgment. The appeal was not taken within ninety days after the entry of the judgment as provided by C. S., sec. 7152, subd. 1, and the court being without jurisdiction the appeal from the judgment will be dismissed. (*Glenn v. Aultman & Taylor M. Co.,* 30 Ida. 719, 167 Pac. 1163; *Mills v. Board of County Commrs.,* 35 Ida. 47, 204 Pac. 876; *Chapman v. Boehm,* 27 Ida. 150, 147 Pac. 289; *Moe v. Harger,* 10 Ida. 194, 77 Pac. 645; *Continental & Commercial Trust & Sav. Bank v. Werner,* 36 Ida. 601, 215 Pac. 458.)

The facts are substantially as stated in *Wallace v. McKenna,* 31 Ida. 477, 479, 173 Pac. 749, and will not be repeated here. The action was upon a written contract which expired by its own terms June 25, 1916. The sale was not made until July 11, 1916, and it is not certain that it was made by appellant, but even if it were, appellant still had not brought himself within the terms of the contract under which he claimed the right to recover. The court did not err in granting the judgment of nonsuit and dismissal.

The motion for a new trial was based upon alleged errors of the court in granting the motion for nonsuit and was properly overruled.

The observations of this court on the former appeal, 31 Ida. 477, 480, 173 Pac. 749, on the right of a broker to recover on a contract to sell real estate and the law governing such a contract are applicable to this appeal.

The last assignment of error is directed toward the allowance by the court of mileage and witness fees of one Overman, who was present but was not sworn and did not testify. Respondent's showing brought him within the rule laid down by this court in the case of *Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212. We think no error was committed by the

trial court in taxing witness fees and mileage of this witness as costs.

The judgment should be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.