## No. 15,008.

### Klipfel *v.* Bowes, doing business as A. G. Bowes and Son.

(120 P. [2d] 959)

Decided January 5, 1942.

584

Mr. Bryan L. Whitehead, for plaintiff in error.

Messrs. Hindry, Friedman & Brewster, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

Herein reference will be made to the parties as they appeared in the district court, where defendant in error was plaintiff and plaintiff in error was defendant. The complaint alleged that defendant listed a parcel of Denver real estate, of which he was the owner, with one Middleswarth, a real estate broker, for sale at the price of $9,000 and agreed to pay Middleswarth for his services, in the event he found a purchaser, the regular commission of five per cent of the purchase price; that thereafter Middleswarth enlisted the services of plaintiff, who also was a real estate broker and that subsequently the two brokers produced a purchaser ready, able and willing to buy said property on the terms and conditions fixed by defendant; that defendant entered into a contract with the purchaser, but thereafter refused to complete the sale of the property in accordance with its terms. Middleswarth and one Barclay Ivins, with whom he was associated in business, assigned their claims to plaintiff and recovery of a commission of $450 and interest was prayed. The answer of defendant generally denied the allegations of the complaint. Upon trial a jury returned a verdict for plaintiff in accordance with the prayer of the complaint and judgment consistently followed.

In seeking a reversal of the judgment defendant primarily asserts that the insufficiency of the evidence not only vitiates the verdict, but also properly required that his motions for dismissal and a directed verdict based upon the ground of such insufficiency should have been sustained. He concedes, as the uncontradicted tes-

timony discloses, that plaintiff and his assignors produced a purchaser ready, willing and able to pay $9,000 for the property, but contends that the evidence fails to establish a contract of employment which, of course, is a prerequisite to the collection of a commission by a real estate broker. See, *Castner v. Richardson,* 18 Colo. 496, 33 Pac. 163.

The evidence adduced by plaintiff was to the effect that Middleswarth, knowing that defendant was the owner of the property involved, telephoned him and asked if it was for sale. Defendant answered that it was, and referred the inquirer to a designated lawyer, not of counsel here, saying: "He is in charge and what he does is all right with me." Following this conversation Middleswarth called on the lawyer and advised him as to what defendant had said. The lawyer stated that the property was for sale; that the price was $8,500 and that a five per cent commission would be paid out of the purchase price. A few days later the lawyer called Middleswarth on the telephone and advised that he (the lawyer) had talked with defendant and that the latter "wanted to ask $9,000, but he would take $8,500, but to ask $9,000." Shortly thereafter Middleswarth and plaintiff found a purchaser who signed an agreement to buy the property at the price of $9,000. This agreement then was given to the lawyer who obtained defendant's signature thereto. Subsequently the lawyer asked that he be paid one-third of the commission on the sale and upon the refusal of Middleswarth and plaintiff to comply, the lawyer removed defendant's signature from the contract and returned the same with the purchaser's deposit to plaintiff.

Under statutory cross-examination defendant admitted that he had signed the contract of purchase. He was not then examined by his counsel nor later called as a witness in his own behalf. The lawyer involved in the transaction, as a witness for defendant, flatly contradicted the statements of plaintiff's witnesses as to the promises they

attributed to him; denied that he ever requested a share of the commission and stated that he removed defendant's signature from the contract under instructions from the latter that he should do so in the event $9,000 net was not to be received from the sale of the property. Defendant's housekeeper, his only other witness, contradicted certain testimony of witnesses for plaintiff with respect to telephone calls to defendant and visits to his house.

■■ This brief resumé of the testimony discloses that the plaintiff's evidence, if dependence is placed thereon, evinced not only the making of an express agreement by the authorized agent of defendant for the employment of plaintiff and the payment to him of the commission for which the suit was instituted, but revealed circumstances from which the existence of such a contract might be implied as well, which is permissible in cases of this nature. See, *Castner v. Richardson, supra.* This state of plaintiff's evidence distinguishes the proceeding at bar from the cases of *Clammer v. Eddy,* 41 Colo. 235, 92 Pac. 722; *Geier v. Howells,* 47 Colo. 345, 107 Pac. 255; *Phelps v. Hale,* 43 Colo. 255, 95 Pac. 925, and *Castner v. Richardson, supra,* cited by plaintiff, wherein, in denying the recovery of commission for the sale or leasing of real estate, we held mere proof of the fact that the broker had obtained from the owner the price at which he would sell or lease, with nothing more shown with respect to the broker's alleged agency, was insufficient to establish a contract of employment. The court committed no error in denying plaintiff's motions for dismissal and for a directed verdict.

■ The foregoing summary of facts adduced at the trial also demonstrates that except as to defendant's admission that he signed the contract of purchase and sale, the evidence was in direct and positive conflict. The verdict of the jury necessarily expressed credence in the testimony of plaintiff's witnesses, in which view there was concurrence by the trial court as evidenced by its

denial of defendant's motion for new trial. Where there is an irreconcilability of the evidence, as here, it is the established rule that this court will not consider or pass upon the questions of credibility of the witnesses or the weight to be given their testimony, but will accept the conclusion of the jury thereon as final. See, *Castner v. Richardson, supra.*

■ The only other ground for reversal argued by defendant is based upon the contention that Instructions Nos. 1 and 3 were confusing in their context and may have been construed by the jury as permitting a recovery for plaintiff's personal services without the establishment of a contract of agency between defendant and Middleswarth. We observe no such ambiguity in either of the questioned instructions. Further, as showing that no basis exists for the apprehension expressed by defendant, Instruction No. 4 required the jury to return a verdict for him unless it found "from a preponderance of the evidence that the said Frank Middleswarth was employed and was acting under a contract of employment * * * for and on behalf of the defendant."

Instruction No. 4a informed the jury that the circumstance, if true, that the lawyer who participated in the transaction "was attorney for the defendant and * * *' authorized to look after the affairs of defendant" was "not sufficient of itself to establish" that said lawyer "had authority to employ anyone as real estate agent * * * to sell defendant's property or fix the price at which the same should be sold."

By Instruction No. 5 the jury was told that unless it believed from a preponderance of the evidence that said lawyer "had full authority from the defendant * * * to hire and employ Frank Middleswarth as agent and real estate broker to secure a purchaser for the property * * * and had full authority from said defendant * * * to fix the price at which said property was sold," its verdict must be for defendant.

Since no error appears, the judgment is affirmed.