No. 15,824.

Hall v. Gehrke.

(185 P. [2d] 1016)

Decided October 6, 1947. Rehearing denied November 3, 1947.

Mr. Samuel Chutkow, Mr. Noah A. Atler, Mr. Mandel Berenbaum, for plaintiff in error.

Mr. William E. Doyle, for defendant in error.

MR. JUSTICE JACKSON delivered the opinion of the court.

DEFENDANT in error, who was the plaintiff in the trial court, brought suit against defendant, plaintiff in error here, to clear title to her land, and sought damages totaling $7,000 for slander of title. Subsequently plaintiff withdrew her request for damages, and the court entered summary judgment in her favor clearing her title of any interest or claim which defendant might have in her land. Defendant, who filed a cross complaint asking for specific performance of a contract and then unsuccessfully sought favorable summary judgment, now comes here by writ of error.

Although arising from a different cause of action, this case is somewhat similar to that of *Williams, Admx. v. Wagers,* 117 Colo. 141, 184 P. (2d) 497, announced September 2, 1947. In both cases one party was a landowner, and the other a real-estate dealer who had initiated negotiations to sell the landowner's property. In each case the real-estate agent suffered adverse judgment in the trial court and came here as the plaintiff in error.

In the instant case, however, unlike the earlier one, the parties had not entered into a formal purchase and sale agreement, and all the facts are undisputed. They consist of the following correspondence, which began when the real-estate agent in Denver wrote to the landowner concerning land the latter owned in Cheyenne county, Colorado:

"April 1, 1946

"Clara Gehrke
 Alexandria, Minnesota.

"Dear Madam:

"W½ 30-13-50-Cheyenne County

"I have a client interested in the purchase of the above

described land for grazing purposes. I have sold him other grass land adjoining yours and he could use yours for additional pasture.

"Please advise by return mail the best cash price you would consider. We can close the deal at once if the price is satisfactory. Stamped envelope is enclosed for your reply.

"Yours very truly,
"Max Van Hall."

The landowner thereupon replied:

"Alexandria, Minn.
April 8 - 1946

"Max Van Hall
Denver, Colo.

"Dear Sir:

"Your letter of April 1st is at hand. In regards to the W½ 30-13-50 this land is for sale for $2,000 cash. With half of all oil and mineral rights reserved.

"Sincerely yours,
"Clara Gehrke
R. 1    Box 82.

"P.S. Hoping to hear of you soon. Then I will not lease it till I hear of your. Thank you."

Under date of April 13, 1946, the real-estate agent wrote the following letter:

"Clara Gehrke
Route 1 Box 82,
Alexandria, Minnesota.

"Dear Madam:

"W½ 30-13-50 Cheyenne County

"I duly received your letter of the 8th in which you made a price of $2000.00 on this land and agree to de-

liver one half of all oil and mineral right. You also stated you would not lease the land until you heard from me.

"I have decided to buy the land on your terms and enclose contracts signed by me with my check for $100.00. Kindly sign and return one copy of the contract.

"Abstract of title should be sent to the Cheyenne Abstract Company, Cheyenne Wells, Colorado with instructions to be delivered to me when brought down to date. When deed is to be delivered I will draw it and send it to you wish.

"Kindly let me hear from you promptly.

"Yours very truly,
"Max Van Hall."

Subsequently, under date of April 25, 1946, the landowner wrote as follows:

"Max Van Hall
Denver, Colo.

"Dear Sir:—

"Your letter of April 13th is at hand. I am sorry I had a better offer on the West ½ of 30-13-50 and N.E.-¼ of 6-14-50. I am herewith inclosing your check. I thank you.

"Sincerely yours,
"Clara Gehrke."

Before receiving the last-quoted letter from the landowner, the real-estate agent caused to be recorded on April 23, 1946, an affidavit in which he claimed to have an interest in the Gehrke land under a purchase and sale contract. It was the recording of this instrument in the office of the clerk and recorder of Cheyenne county which constitutes the basis of this suit to quiet title.

██ ██ Counsel for the agent filed six specifications of error, all of which may be determined by a decision as to whether the foregoing correspondence formed a

valid contract, and counsel, in their brief, state that this case involves but one question. We do not deny their statement that parties may enter into an enforceable contract merely by an exchange of correspondence, *Marti-Matter Company v. Thomas, et al.,* 70 Colo. 478, 202 Pac. 703; *Carlsen v. Hay, et al.,* 69 Colo. 485, 195 Pac. 103; but that does not dispose of the question whether a contract was so consummated in the instant case. The contending parties in the latter cited case, and also in *Williams, Admx. v. Wagers, supra,* were a landowner and his agent. If Hall, in the instant case, is an agent of the landowner, he cannot recover. *Williams, Admx. v. Wagers, supra; Treat v. Schmidt,* 69 Colo. 190, 193 Pac. 666, and the cases cited therein. See, also, *Merritt v. Hummer,* 21 Colo. App. 568, 122 Pac. 816.

Counsel for plaintiff in error contend that Hall's mere inquiry concerning price does not make him the agent of the landowner (*Castner v. Richardson,* 18 Colo. 496, 33 Pac. 163), and that the mere statement by the owner of the price at which she was willing to sell does not amount to an employment by her of Hall as her agent. *Geier v. Howells,* 47 Colo. 345, 107 Pac. 255; *Klipfel v. Bowes,* 108 Colo. 583, 120 P. (2d) 959. Admitting the force of the foregoing propositions and assuming that Hall did not intend to act, and actually was not acting, as agent for the seller, we still are of the opinion that he did not have a valid contract with the landowner. If he told the truth, and was in fact acting as agent for a prospective purchaser, then he was not at liberty to purchase for himself without the prior full knowledge and consent of his principal. *Pace v. Cline,* 59 Colo. 138, 147 Pac. 672. If he did not tell the truth, and never had a client interested in the land, then he has made a material misrepresentation to the landowner.

In any event, he has altered the basis of the transaction. His shift of position from that of agent to vendee under a purchase and sale agreement must therefore be construed, not as an acceptance of an offer by the land-

owner — assuming, but not deciding, that there was a firm offer — but as a counter-offer which the landowner had a right to, and did, reject.

In *Garrett v. Gerard,* 10th Cir., 156 F. (2d) 227, 229, Garrett, the agent, prayed for specific performance of an alleged contract arising out of correspondence which indicated that Garrett, as an agent, had a client who was ready to purchase at the acceptable figure. Garrett later wrote that his client had elected to withdraw his offer, but that he, Garrett, was "personally accepting your proposition." The court there stated, "The letter listing the land with Garrett constituted authority in Garrett to find a purchaser. It did not authorize Garrett to enter into a contract of sale binding the owners."

This fundamental principle has been recognized by our court from the earliest days, as will appear by the following from *Salomon v. Webster,* 4 Colo. 353, 361:

"Instead of accepting the identical offer made to him, he modifies it, and resubmits it to Webster, with such modification. This letter did not, therefore, of itself, conclude an agreement. Upon this point the law is clear. Unless the proposition made by one is accepted by the other, *without any modification whatever,* no contract arises. In such case there is no concurrence of parties.

" 'If the acceptance modifies the proposition in any particular, it amounts to nothing more than a counter proposition. It is not in law an acceptance which will complete the contract.' *Jenness v. Mount Hope Ins. Co.,* 53 Me. 23; *Beckwith v. Cheever,* 21 N.H. 41."

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE LUXFORD concur.