No. 23253.

ROY FLETCHER *v.* HOWARD A. GARRETT, D/B/A
GARRETT REALTY.
(445 P.2d 401)

Decided September 30, 1968.

BROOKS, MILLER and LINCOLN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THE plaintiff, Garrett, sued for and obtained a judgment against the defendant, Fletcher, for $1,050, representing a commission for the sale of defendant's fruit farm to one Kenyon. The trial was to the court without a jury. The defendant is here by writ of error to reverse the judgment of the trial court.

The facts, in capsule, were that Fletcher had listed his ranch for sale with one Hawkins, a real estate broker. The listing was not an exclusive listing so the

listing is not material, except to indicate that Fletcher wanted to sell the property and knew that real estate brokers are paid commissions.

On July 7, 1966, Harwood and James, salesmen for Garrett, took Mr. and Mrs. Kenyon to the Fletcher property. Upon arrival, the salesmen obtained the permission of Fletcher to show the property to the Kenyons and showed it. The salesmen and Fletcher discussed the sales price of the property, the terms of sale, and the commission.

Thereafter, on or about July 11, 1966, Fletcher sold the property to Kenyon at substantially the same price and on terms similar to those previously discussed with the salesmen, without the further use of the services of Garrett or advising him of the sale. Garrett, upon learning of the sale, demanded payment of a commission. The defendant refused, claiming that there was no agreement and that Garrett was the agent of Kenyon, not Fletcher.

The trial court found that the foregoing essential facts had been established by clear and convincing evidence. From these facts and the inferences which could reasonably be drawn therefrom the trial court concluded that there was a valid oral contract resulting in a principal-agent relationship between Garrett and Fletcher, and that Garrett, through his salesmen, had procured "a purchaser, ready, willing and able to purchase upon the terms and conditions imposed by the owner," although the owner (Fletcher) and the purchaser (Kenyon) thereafter conducted further negotiations which culminated in a sale on substantially the same terms.

An examination of the record discloses ample evidence to support each of the material findings made by the trial court. It is true that the defendant introduced evidence which, if believed, would have supported a finding that no principal-agent relationship existed between Fletcher and Garrett, but the trial court, not this court, is the trier of the facts. See *Andersen-Randolph Co. v. Taylor*, 146 Colo. 170, 361 P.2d 142, wherein

other authorities are cited in support of the proposition that findings of a trial court sitting without a jury are binding upon this court on review by writ of error, unless the evidence is wholly insufficient to support the findings. As we have noted, the evidence here amply supports the findings of the trial court. Also see, *Brewer v. Williams*, 147 Colo. 146, 362 P.2d 1033.

This court has repeatedly stated that a contract of employment of a real estate broker may be implied from the particular circumstances of the case. *Brewer v. Williams, supra; Klipfel v. Bowes*, 108 Colo. 583, 120 P.2d 959. Consideration is implicit in a valid contract. Ample consideration to support the contract of employment existed here.

The defendant has raised other issues which, he contends, require a reversal. We have examined each one and the cases cited in support of his arguments. We do not disagree with the holdings of the cited cases, but fail to find their pertinency to the issues here. The trial court applied the correct law to the facts as determined by it. No reversible error is evident nor has any been pointed out by the defendant.

The judgment is affirmed.