527 P.2d 912 (1974)
M.S.R., INC., a Colorado corporation, Plaintiff-Appellee,
v.
Grace A. LISH, Defendant-Appellant.
No. 73-260.
Colorado Court of Appeals, Div. I.
August 20, 1974.
Rehearing Denied September 10, 1974.
*913 William J. Caskins, Jr., Denver for plaintiff-appellee.
Knowles & Molen, Donald S. Molen, Denver, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
Plaintiff, M.S.R. Corporation, filed a complaint praying for specific performance of a real estate contract wherein defendant, Grace M. Lish, was to convey two unimproved lots to plaintiff. Defendant filed an answer denying that a valid contractual obligation had been created and filed a counterclaim alleging fraud, slander of title, and trespass. The trial court found that a valid contract had been entered into, granted plaintiff's request for specific performance of the contract, and dismissed defendant's counterclaim. We reverse.
The primary issues are whether Thomas Regan, acting in his capacity as defendant's real estate agent, breached his fiduciary duty to defendant by his failure to disclose that he held a financial interest in the buyer, and whether this breach justified rescission by the defendant.
Plaintiff is a building corporation and is owned by Lloyd Mansfield, Thomas Regan, and Robert Starkloff, in equal shares. The sales contract between plaintiff and defendant was made pursuant to a listing granted by defendant to the Mansfield Realty Co., which is owned by Lloyd Mansfield and employs Thomas Regan as a licensed real estate salesman. Acting within the scope of his employment with Mansfield Realty Co. and as agent of defendant, Regan prepared the sales contract. This contract contains a provision wherein defendant agrees to pay Lloyd Mansfield a 10% commission on the sale. Regan and Mansfield did not advise defendant that they each owned one-third of plaintiff corporation, the buyer. Defendant claims that immediately upon returning home after signing the contract in the realty office, she telephoned Regan and repudiated the contract.
*914 The trial court concluded that defendant's rescission of the contract was ineffective as a matter of law. The court also concluded that the interrelationship of Mansfield Realty and plaintiff did not prejudice or harm defendant. Having determined that the contract was valid and that agent's nondisclosure did not harm defendant, the court dismissed defendant's counterclaim.
Regan, acting in his capacity as a licensed real estate broker and as an employee of Mansfield Realty Co., was the agent of the defendant. He contacted defendant and told her he had procured a buyer, he prepared the contract, he obtained the signatures of the parties, and his employer, Lloyd Mansfield, was to receive a broker's commission under the terms of the contract. Regan is therefore estopped from denying the agency relationship. See McCornick & Co. v. Tolmie Bros., 42 Idaho 1, 243 P. 355.
Under both the common law and applicable statutes, a real estate agent, in all dealings affecting the subject matter of his agency, has a fiduciary duty to act with the utmost faith and loyalty in behalf of his principal. McKinney v. Christmas, 143 Colo. 361, 353 P.2d 373; Treat v. Schmidt, 69 Colo. 190, 193 P. 666; and see C.R.S.1963, 117-1-12. This duty requires the agent to make a full and complete disclosure before he becomes the purchaser of property which is the subject of his agency with his principal. Williams v. Wagers, 117 Colo. 141, 184 P.2d 497.
In the instant case, because their combined two-thirds interest in the buyer corporation divided their loyalty, Regan and Mansfield did not act with the utmost loyalty to their principal. Because they initially failed to advise their principal that they owned two-thirds of the buyer corporation, they did not make a full and complete disclosure of their interests to her. Since Mansfield and Regan in fact own a controlling interest in M.S.R., knowledge of the breach of their fiduciary duty as licensed real estate agents is imputed to the buyer. See Treat v. Schmidt, supra. Under these circumstances, M.S.R. may not maintain an action for specific performance. Williams v. Wagers, supra. Hall v. Gehrke, 117 Colo. 223, 185 P.2d 1016.
Judgment reversed and the cause is remanded with directions to dismiss plaintiff's complaint and for a new trial on defendant's counterclaims.
PIERCE and RULAND, JJ., concur.