**Bob VELTEN and Thomas Brady, Plaintiffs-Appellees,**

v.

**Olive ROBERTSON, Defendant and Third-Party Plaintiff-Appellant,**

v.

**Derrick ZIMMERMAN, Woodside Realty Company, and Charles Oschner, individually and doing business as Woodside Realty Company, a Colorado corporation, Third-Party Defendants-Appellees.**

No. 80CA1163.

Colorado Court of Appeals, Division I.

May 5, 1983.

Rehearing Denied June 2, 1983.

Certiorari Denied Nov. 7, 1983.

Louis A. Morrone, Denver, for plaintiffs-appellees.

Sherman & Howard, Raymond J. Turner, Denver, for defendant and third-party plaintiff-appellant.

Michael A. Littman, Wheat Ridge, for third-party defendants-appellees.

BERMAN, Judge.

The seller, Olive Robertson, appeals a judgment granting specific performance of a real estate contract to buyers, Bob Velten and Thomas Brady. We reverse.

In January of 1979, Derrick Zimmerman, a real estate salesman, contacted seller to inquire about her willingness to sell a 10-unit apartment building. The seller would not agree to give the salesman an *exclusive* listing on the property, but, because seller indicated that she might consider selling the

building, the salesman then contacted the buyers to inquire about their interest in the property.

Together with the salesman, the buyers prepared a receipt and option agreement. The salesman obtained the buyers' signatures on this contract. The salesman then presented this contract to the seller at her home and obtained her signature. The seller proposed a number of changes to the contract and an addendum was prepared. Two days later, the salesman also obtained the buyers' and seller's signatures on the addendum.

Neither the contract nor the addendum contained a provision which would require the seller to pay the salesman a commission because the salesman had indicated to the seller that he would be compensated by the buyers. In lieu of a cash commission, the buyers offered "to execute a note and deed of trust [secured by the property] in favor of [the salesman] in the sum of $5,000." The buyers also agreed that in the event the property were to be sold within the next year, the salesman would be entitled to 50% of the profits. Neither the salesman nor the buyers disclosed the details of this arrangement to the seller.

The seller refused to close because she believed that her request for a financial statement from the buyers constituted a counteroffer which was not accepted. The court, however, based on conflicting evidence, found otherwise. This finding is binding on this court on appeal. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970).

■ The seller contended before the trial court, and now contends on appeal, that the trial court erred in granting specific performance to the buyers because the salesman failed to disclose his personal financial interest in the property and that, because the salesman was her agent as well as the buyers', this was a breach of his fiduciary duty of disclosure. We agree.

In *M.S.R., Inc. v. Lish,* 34 Colo.App. 320, 527 P.2d 912 (1974) we examined the elements of an agency relationship with a salesman. In *Lish,* the broker "contacted the defendant [seller] and told her he had procured a buyer, he prepared the contract, he obtained the signatures of the parties, and his employer . . . was to receive a broker's commission under the terms of the contract." After consideration of the above factors, we held that the broker was, as a matter of law, the agent of the seller.

■ Here, the salesman is also, as a matter of law, the seller's agent. The evidence is *uncontradicted* that the salesman contacted the seller, and obtained the signatures of both the buyers and the seller. The only difference between *Lish* and the present case is that in *Lish* the "commission" was to be received from the seller, rather than from the buyers, as here. However, the establishment of an agency relationship does not stand or fall on a determination of whether a commission was to be paid. *Hickam v. Colorado Real Estate Commission,* 36 Colo.App. 76, 534 P.2d 1220 (1975).

■ As an agent of the seller and the buyers, the salesman "has a fiduciary duty to act with the utmost faith and loyalty on behalf of his principal[s]." This duty requires the agent to make a "full and fair disclosure . . . ." *M.S.R., Inc. v. Lish, supra.* If, as here, the agent by the conveyance will acquire an equitable or beneficial interest in the property, then the agent must specifically disclose the nature of that interest to his principals. If he does not do so, specific performance cannot be ordered. *M.S.R., Inc. v. Lish, supra.* Here, the salesman did not disclose the nature of his financial interest to the seller. The buyers were both parties to the contract which gave the beneficial interest to the salesman, and they may not now seek to disavow their responsibility for the salesman's failure to disclose this interest to the seller.

The judgment granting specific performance in favor of the buyers is reversed.

STERNBERG and COYTE *, JJ., concur.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).